R. L. JORDAN v. THE HANOVER FIRE INSURANCE COMPANY.

(Filed 24 November, 1909.)

1. Insurance, Fire—Loss—Denial of Liability—Proof—Waiver.

A distinct denial by a fire insurance company of liability under a policy after loss, and within the time prescribed for the proofs, upon the ground that there is no valid contract of insurance, is a waiver of proofs of loss.

2. Insurance, Fire—Title—Policy, Provisions—Ownership.

A vendee of land under an executory contract of purchase, who has paid a portion of the purchase price and entered into possession is an "unconditional and sole owner" in fee simple in respect to the usual clause in a policy of fire insurance relating to the title; and such does not avoid the policy on the house under a provision therein that the policy shall be void if the interest of the insured is other than unconditional and sole ownership of the fee simple title, in the absence of allegation of misrepresentation as to title and encumbrances.

3. Same—Equity.

In relation to the usual clause relating to the title of the insured in a fire insurance policy, equity treats that as done which ought to have been done, or the doing of which the vendor and vendee contemplated in the final execution and consummation of the contract as specifically executed; and in the absence of allegation of misrepresentation of title and encumbrances, a policy is not void on the ground that the insured, in possession, held under an executory contract of purchase.

JORDAN v. INSURANCE COMPANY.

**4. Deeds and Conveyances—Unregistered—Parties—Enforceable.**
   An unrecorded bond for title is good and enforceable as between the original parties.

APPEAL from *E. B. Jones, J.,* September Term, 1909, of FORSYTH.

These issues were submitted to the jury:

1. "Was the storehouse of the plaintiff insured in the defendant company on 6 March, 1908?"    Answer: "Yes."

2. "Was said house insured under policies Nos. 2206 and 2282, terms of which were like policy marked 'Exhibit A'?" Answer: "Yes."

3. "Was plaintiff the owner and had an insurable interest in the store building insured by the defendant and destroyed by fire?"    Answer: "Yes."

4. "What was the actual cash value of the building at the time of the fire?"    Answer: "Five hundred dollars."

5. "Did the plaintiff give notice to the defendant company, in writing, of the fire, and make proofs of the loss, as required by the terms of the policy?"    Answer: "No."

6. "Did the defendant company waive the giving of notice and making of proofs of loss, as required by the terms of the policy?"    Answer: "Yes."

The court rendered judgment against defendant and it appealed.

*Watson, Buxton & Watson* for plaintiff.
*A. H. Eller* for defendant.

BROWN, J.    This action is brought to recover of the defendant upon a policy of insurance issued by its agent and covering a certain house belonging to the plaintiff.

It is unnecessary to consider any questions relating to proofs of loss, as the defendant denies its liability, in any event, under the policy.

It seems to be well settled that a distinct denial by an insurance company of liability under a policy, after the loss and within the time prescribed for the proofs, upon the ground that there is no valid contract of insurance, is a waiver of proofs of loss, because in such a case the proofs do not tend to induce the company to pay the loss, and they are therefore futile. *Ins. Co. v. Pendleton,* 112 U. S., 696; *Tayloe v. Ins. Co.,* 9 How. (U. S.), 396.

In the answer of the defendant there are no allegations of fraud or misrepresentations of fact or false warranty set up as

a ground for avoiding the policy, but the defense is rested upon "the lack of title in the plaintiff" (quoting from the answer), founded upon this clause in the contract of insurance: "This entire policy, unless otherwise provided by agreement, endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional or sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The undisputed facts are that plaintiff purchased the lot for $300 from M. A. Masten, and paid him one dollar and executed his note for $299, payable two years after date. Masten executed and delivered to plaintiff a valid bond for title, in due form, fully describing the property and containing this provision: "Now, therefore, if the said M. A. Masten, on receiving the balance of said purchase money, together with the interest thereon accrued (provided the same be tendered within sixty days after the maturity of the last of said bonds), shall execute and deliver to the said R. L. Jordan and his heirs a good fee simple deed to the aforesaid premises, free from all encumbrances, then this obligation shall be null and void; otherwise to remain in full force and effect. In testimony whereof, the said M. A. Masten has hereunto set her hand and seal, this 10th day of June, 1907."

The plaintiff erected at his own expense a frame store building on the lot, and had taken out with the defendant company two policies in the sum of $250 each on said building, the policies being standard in form and without endorsement as to interest or title. At the time of the insurance the plaintiff held the bond for title and was in the exclusive possession of the property. Although the bond had not then been recorded, it is elementary that it was good between the parties, and as between them would be enforced.

The only question presented for our consideration is whether a vendee of land, occupying the same under an executory contract of purchase, on which he has paid a portion of the purchase price, and on which he has erected a storehouse building, is an "unconditional and sole owner" in fee simple, within the condition of a policy of insurance providing that it shall be void if the interest of the insured is other than unconditional and sole ownership of the fee-simple title. As before observed, there is no allegation in the answer that, at the time the contract was entered into, the plaintiff made false representations as to his title, encumbrances or the like, but the defense rests upon the theory that the title of the plaintiff is such that it avoids the

policy, because it fails to meet its requirements in respect to title. That the plaintiff had an insurable interest in the property is not questioned, but it is denied that he was an unconditional owner of the fee.

For the purpose of an insurance contract, this contention cannot be upheld. It has been settled adversely to the defendant by the courts as well as the text writers. The idea is that equitable ownership is, properly speaking, entire and sole ownership in fee, as regards the real purpose of the provision commonly used in insurance contracts on that subject.

Mr. Ostrander says: "A sells to B, who takes a contract of purchase, conditioned that, when certain payments are made, the former will execute to the latter a legal title. B becomes the sole and unconditional owner of the property when he enters into possession, under a contract of this character." Fire Insurance, sec. 63, and cases cited in notes.

The Supreme Court of Pennsylvania quotes the identical clause from a similar policy in a case exactly like this, and says: "In respect to the insurance, such purchaser is to be regarded as the entire unconditional and 'sole owner." *Ins. Co. v. Dunham,* 117 Pa. St., 460. The decisions upon this question are numerous and are all founded upon recognized equitable principles.

When, as in this case, the agreement is executory, the vendor covenanting to make title on payment of the purchase money at a future day, a court of equity treats that as done which ought to have been done, or which the parties contemplate shall be done, in the final execution and consummation of the contract as specifically executed.

The following cases will be found to be in point: *Loventhal v. Ins. Co.,* 112 Ala., 108; *Ins. Co. v. Kerr,* 129 Fed., 723; *Ins. Co. v. Crockett,* 7 La., 725; *Tuck v. Ins. Co.,* 56 N. H., 326; *Knop v. Ins. Co.,* 101 Mich., 359; *Baker v. Ins. Co.,* 65 Am. St., 807; *Ins. Co. v. Cox,* 98 Pa. Rep., 552; *Ins. Co. v. Rhea,* 123 Fed., 9; *Ins. Co. v. Erickson,* 111 Am. St., 419; *Evans v. Ins. Co.,* 118 Am. St., 1009; *Matthews v. Ins. Co.,* 115 Wis., 274; *Dooley v. Ins. Co.,* 58 Am. St., 26.

In this last case, wherein the title is similar, it is held that breach of the condition in a policy of fire insurance that the policy should be void if the interest of the assured was other than conditional or sole ownership, or if the subject of insurance was a building on ground not held by the assured in fee simple, would not prevent a recovery by the assured for loss where the application for a policy was an oral one and no intentional misrepresentation in regard thereto was made by the assured.

Such was the conclusion reached in *Senis v. Ins. Co.,* 29 Fed., 490; *Ins. Co. v. Hughes,* 108 Fed., 497; *Hall v. Ins. Co.,* 32 Am. St. Rep., 497.

No error.