HATTIE E. BATTS, GUARDIAN, v. BRYANT SULLIVAN.

(Filed 12 October, 1921.)

**1. Landlord and Tenant—Crops—Title—Possession.**

The possession and title to all crops raised by a tenant or cropper in the absence of a contrary agreement, are deemed vested in the landlord until the rent and advancements have been paid.

**2. Insurance—Landlord and Tenant—Crops—Insurable Interests.**

The interest of the tenant in the undivided crops, and housed in the landlord's barn, is insurable.

**3. Same—Insurance Taken Out by Tenant—Payment of Policy.**

Where the undivided crop of the landlord and tenant has been housed in the latter's barn, and while insured by the tenant for his sole benefit has been destroyed by fire, and the insurance company has paid the loss,

in the landlord's action the tenant is entitled to the full amount of the loss so paid; and the question as to the validity of the policy and the extent of the landlord's interest in the crop does not arise.

APPEAL by plaintiff from *Bond, J.,* at February Term, 1921, of LENOIR.

Civil action brought by plaintiff, the landlord, against defendant, tenant upon her farm, to recover for certain advancements made during the year 1919.

The single point presented on this appeal grows out of a dispute as to what disposition, or division, if any, should be made between the landlord and tenant of the proceeds of a fire insurance policy taken out by the tenant to protect his interest in the tobacco crop while stored in the plaintiff's pack-house. The tobacco in question had been raised by the defendant as tenant on the lands of the plaintiff. It had been harvested, cured and stored in her barn, but there had been no division of the crop. The landlord was entitled to one-third of said tobacco and the tenant the remaining two-thirds.

The defendant, without the knowledge or consent of the plaintiff, and at his own expense, purchased a policy of fire insurance to protect his interest in said tobacco. While this policy was in force the plaintiff's pack-house and its contents, including the undivided tobacco, was destroyed by fire. The defendant collected the insurance. The check was made payable to both parties, and plaintiff alleges that by agreement the money was to be divided according to their respective interests in the property, but the jury have found otherwise, and the alleged agreement is not a material or controlling point in the case.

The plaintiff contends that she is entitled to one-third of the insurance money because she owned an undivided one-third interest in the property destroyed. His Honor held that as the insurance contract was purchased to protect the interest of the tenant, he alone was entitled to the proceeds derived therefrom, and so charged the jury. Plaintiff excepted and assigns this as error.

From a verdict and judgment in favor of defendant the plaintiff appealed.

*Rouse & Rouse for plaintiff.*
*Shaw & Jones for defendant.*

STACY, J. It will be observed at the outset that the controversy here presented is between the landlord and the tenant, and the validity of the insurance policy is in nowise involved. This has been paid and the insurance company is not a party to the proceeding. The case arises

out of a contest over the question as to whether the landlord, by virtue of her legal title and interest in the tobacco, is entitled to any portion of the insurance money.

It is true that under our statute, C. S., 2355, the possession and title to all crops, raised by a tenant or cropper, in the absence of a contrary agreement, are deemed to be vested in the landlord until the rent and advancements have been paid. *S. v. Austin,* 123 N. C., 749; *Boone v. Darden,* 109 N. C., 74; *Smith v. Tindall,* 107 N. C., 88. But this perforce does not divest the tenant of an insurable interest in the crops before division. "It is well settled that any person has an insurable interest in property by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of, the property itself." *Harrison v. Fostlage,* 161 U. S., 57; *Eastern R. Co. v. Relief F. Ins. Co.,* 98 Mass., 423.

"It may be stated as a general proposition, sustained by all the authorities, that whenever a person will suffer a loss by a destruction of the property, he has an insurable interest therein." *Gilman v. Dwelling House Ins. Co.,* 81 Me., 488; *Getchell v. Mercantile, etc., Ins. Co.,* 109 Me., 274; 42 L. R. A. (N. S.), 135. And to the same effect are our own decisions, *Gerringer v. N. C. Home Ins. Co.,* 133 N. C., 407; *Grabbs v. Mut. Fire Ins. Assn.,* 125 N. C., 389, and cases there cited.

It is also a well recognized principle, and uniformly upheld by the decisions, that the different interests in the same property, such as that held by a mortgagor or lienor on the one hand, and that of a mortgagee or lienee on the other, and such kindred relations, are each separately insurable.

"Wherever property, either by force of law or by the contract of the parties, is so charged, pledged, or hypothecated that it stands as a security for the payment of a debt, or the performance of a legal duty, each of the parties (the owner of the lien, and the person against whose property it exists) has an insurable interest in the property. The one, that the security shall remain sufficient; the other, that it may be kept unimpaired and the property restored to his use or enjoyment in whole or in part, after the incumbrance is relieved. And each may insure his separate interest at one and the same time without incurring the imputation of double insurance, provided the applications and policies are the individual and separate acts of each." *Commercial Fire Ins. Co. v. Capital City Ins. Co.,* 81 Ala., 320; May on Insurance, secs. 80 to 87, inclusive; Flanders on Fire Insurance, 342 *et seq.; Insurance Co. v. Stinson,* 103 U. S., 25; *Niagara Ins. Co.,* 60 N. Y., 619; *Cumberland Bone Co. v. Andes Ins. Co.,* 64 Me., 466; *Franklin Fire Ins. Co. v. Coates,* 14 Md., 285, and *Humboldt Fire Ins. Co.,* 12 Iowa, 287. In the

last case it was said, "Any interest is insurable, if the peril against which insurance is made would bring upon the insured, by its immediate and direct effect a pecuniary loss."

In *Insurance Co. v. Reid,* 171 N. C., 513, a case involving the rights of mortgagor and mortgagee, this doctrine is clearly stated as follows:

"It is well recognized that a mortgagee and mortgagor may each insure the mortgaged property for his own benefit, and where a mortgagee has taken out such insurance at his own expense, without stipulations in favor of the mortgagor or conditions of any kind imposing an obligation or duty on the mortgagee to protect the property for the mortgagor's benefit, such mortgagee, in case of loss of the property by fire or damage thereto, is not accountable to the mortgagor for the amount collected from the insurance company, either on the debt or otherwise." *Leyden v. Lawrence,* 79 N. J. L., 113; *Ins. Co. v. Woodbury,* 45 Me., 447; *Fire Ins. Co. v. Bond,* 48 Neb., 743; *Gillespie v. Ins. Co.,* 61 W. Va., 169; *Ins. Co. v. Ins. Co.,* 55 N. Y., 343; 1 Jones on Mortgages (4 ed.), sec. 420. In *Ins. Co. v. Woodbury* the principles referred to are stated as follows:

"a. If a mortgagee insures his own interest without any agreement between him and the mortgagor, and a loss accrues, the mortgagor is not entitled to any part of the sum paid on such a loss to be applied to the discharge or reduction of his mortgage debt.

"b. When the mortgagee effects insurance at the request and cost and for the benefit of the mortgagor as well as his own, the mortgagor has the right in case of loss to have the money applied in discharge of his indebtedness."

Applying these principles, we think his Honor's charge to the jury with respect to the insurance money was correct in the light of the facts appearing on the record.

Of course, if the insurance policy had been procured for the mutual or joint benefit of the landlord and the tenant, a different question would be presented, but this is not our case. *King v. State Mutual Fire Ins. Co.,* 54 Am. Dec., 683, and note.

After a careful examination of the defendant's exceptions, we have been unable to find any error committed on the trial, and this will be certified to the Superior Court.

No error.