N. F. HOUCK AND M. V. HOUCK v. THE AMERICAN EAGLE FIRE
INSURANCE COMPANY.

(Filed 12 February, 1930.)

1. **Insurance D a—Life estate in house and lot is insurable interest.**

   The life estates of tenants in common in a lot upon which a house is
   situated is an insurable interest in the house, and a policy of fire insur-
   ance issued thereon is valid and enforceable.

2. **Insurance N d—Life tenants may recover full amount of insurance as
   trustees of remaindermen.**

   Where a policy of fire insurance is issued to tenants in common for life
   for the benefit of themselves and the remaindermen, the tenants in com-
   mon for life may recover the full value of the policy, after loss, as trustees
   of the remaindermen.

3. **Insurance K a—Knoweldge of agent that insured was not owner in fee
   of property held imputed to insurer in this case.**

   Where the agent of the insurer, with full knowledge that the insured
   were tenants in common for life in the property upon which application
   for insurance is made, and after the request of the insured that a policy
   be issued protecting all interests in the property, issues a policy for the
   insurer providing that the policy should be void if the insured was not the
   sole and unconditional owner: *Held,* the knowledge of the agent will be
   imputed to the company issuing the policy and accepting the full premium,
   and it will be held to have waived the provisions in the policy as to owner-
   ship.

4. **Insurance G a—Where insurer consents to transfer it is estopped to
   deny the validity thereof.**

   Where an insurance company consents to the transfer of the policy by
   the insured to another who is a tenant in common for life with him, the
   company is estopped to deny the validity of the transfer.

APPEAL by plaintiffs from *McElroy, J.,* at July Term, 1929, of ASHE.
Reversed.

This is an action on a policy of fire insurance, issued by the defendant
company to the plaintiff, N. F. Houck, on 1 July, 1925, insuring the
said N. F. Houck against loss or damage by fire to a dwelling-house, in
a sum not exceeding $1,500. By its terms the policy continued in force
for three years from the date of its issuance, and expired on 1 July,
1928. The premium for said policy was paid by the said N. F. Houck.
At his request, the policy was transferred from him to his wife, the
plaintiff, M. V. Houck, on 26 June, 1926, by an endorsement made
thereon by the agent of the defendant company, who issued the policy
in its behalf. The house covered by the policy was destroyed by fire
on 5 October, 1927. After the fire, the house was appraised at $1,598.04;
by the terms of the policy the defendant is liable, if liable at all, for the
sum of $1,198.53.

Defendant company denied liability under the policy on the ground that neither N. F. Houck nor M. V. Houck was the owner in fee simple of the land on which the house was located at the date of the issuance of the policy, or at the date of its transfer from N. F. Houck to M. V. Houck, and on the further ground that neither of them at said dates was the sole and unconditional owner of said house. Defendant relied upon provisions in the policy to the effect that same should be void, if the insured was not the owner in fee simple of said land, or was not the sole and unconditional owner of said house.

Plaintiffs admitted that N. F. Houck was not the owner in fee simple of said land at the date of the issuance of the policy and that he was not the sole and unconditional owner of said house, at said date; they further admitted that M. V. Houck was not such owner of said land, and was not such owner of said house, at the date of the transfer of the policy to her. They alleged and offered evidence tending to show that at the date of the issuance of the policy the plaintiffs, N. F. Houck and M. V. Houck, his wife, were the owners as tenants in common of an estate in said land for the life of N. F. Houck, and that the children of N. F. Houck, as heirs at law of their mother, his first wife, owned the said land in fee, subject to said life estate, and that the house covered by said policy was built on said land, after the death of his first wife, by the plaintiff, N. F. Houck, and his second wife, the plaintiff, M. V. Houck.

Evidence offered by the plaintiffs tended to show that at the time the policy was issued to N. F. Houck and at the time it was subsequently transferred from him to M. V. Houck, the said N. F. Houck informed the agent of the defendant company of the true conditions of the title to said land and house, and requested said agent to issue a policy which would protect all persons who were interested in said house, in the event the same should be damaged or destroyed by fire. With this information, and upon this request, the agent issued the policy, naming the plaintiff, N. F. Houck, as the insured therein, and subsequently endorsed the transfer on the policy, at the request of the said N. F. Houck. Plaintiffs contended that defendant having issued and transferred the policy with full knowledge of the true condition of the title to the land and house, waived the provisions of the policy on which it relies to defeat a recovery in this action.

From judgment dismissing the action as upon nonsuit, on motion of defendant, at the close of the evidence for the plaintiffs (C. S., 567) plaintiffs appealed to the Supreme Court.

*C. W. Higgins and T. C. Bowie for plaintiffs.*
*Brooks, Parker, Smith & Wharton for defendant.*

HOUCK v. INSURANCE COMPANY.

CONNOR, J. The contention of the defendant that the evidence offered by the plaintiffs fails to show that plaintiffs, or either of them, had an insurable interest in the house covered by the policy, cannot be sustained. The evidence shows that plaintiffs owned an estate for the life of N. F. Houck in the land on which the house was located, and that they owned such estate as tenants in common. The ownership by the plaintiffs of this estate gave them an insurable interest in the house. It has been held by this Court that a person owning only an equitable interest in property has an interest therein which is insurable against loss or damage by fire. *Gerringer v. Ins. Co.,* 133 N. C., 407, 45 S. E., 773. In *Batts v. Sullivan,* 182 N. C., 129, 108 S. E., 511, it is said: "It may be stated as a general proposition, sustained by all the authorities, that whenever a person will suffer a loss by the destruction of property, he has an insurable interest therein." There was evidence tending to show that the policy was applied for and issued for the protection not only of the plaintiffs, as owners of a life estate in the house, but also for the protection of the remaindermen. The law is that "when a tenant for life, intending to insure the property for the benefit of himself and the remaindermen receives a policy for the full value of the fee, by mistake of the insurer, who accepts the full premium, the insured may recover the full value of the policy, after loss, as trustee for the remaindermen." 14 R. C. L., 1307.

There was evidence tending to show that at the date of the issuance of the policy, defendant's agent was informed by the plaintiff, N. F. Houck, that he and M. V. Houck owned only an estate in the land for his life, and that his children owned the remainder in fee. This knowledge is imputed to the defendant. This evidence was sufficient to show a waiver by defendant of the provisions of the policy on which it relies. *Midkiff v. Ins. Co.,* 197 N. C., 139, 147 S. E., 812; *Aldridge v. Ins. Co.,* 194 N. C., 683, 140 S. E., 706; *Bullard v. Ins. Co.,* 189 N. C., 34, 126 S. E., 179; *Ins. Co. v. Lumber Co.,* 186 N. C., 269, 119 S. E., 362.

The defendant is not released from liability on the policy by reason of its transfer from N. F. Houck to M. V. Houck. Both N. F. Houck and M. V. Houck are plaintiffs in this action. The defendant consented to the transfer and is therefore estopped to contend that it is invalid. *Blackburn v. Ins. Co.,* 116 N. C., 821, 21 S. E., 922.

There is error in the judgment dismissing the action. The judgment is

Reversed.