This is an action for judgment that plaintiff is the sole owner, in fee, of certain lots or parcels of land described in the complaint; that the defendant has no right, title, interest, or estate in or to said lots or parcels of land; and that defendant's claim to an interest in said lots or parcels of land is a cloud upon plaintiff's title.
In her answer, the defendant alleges that she is the owner in fee of an undivided one-third interest in the lots or parcels of land described in the complaint under the last will and testament of James W. Burleson, deceased.
When the action was called for trial, both plaintiff and defendant waived trial by jury of the issues raised by the pleadings, and agreed that the court should find the facts. Accordingly, the court found the facts to be as follows:
"1. The plaintiff Belle Stockton is the daughter and sole heir at law of Miria E. Burleson, who died during the year 1924, leaving surviving her husband, James W. Burleson, who was the father of the plaintiff.
"2. At her death Miria E. Burleson was seized in fee and in possession of (1) two lots of land situate in the town of Barnardsville, Buncombe County, North Carolina, known as the Matt Burleson lots; and one tract or parcel of land situate on the north fork of Ivey Creek, in Buncombe County, North Carolina, known as the McKinney tract.
"3. After the death of Miria E. Burleson in 1924, her husband, James W. Burleson, the father of the plaintiff, entered into possession of said *Page 232 
lots and parcel or tract of land, and remained in such possession until his death in 1936.
"4. After the death of Miria E. Burleson and while he was in possession of the said lots and parcel or tract of land, James E. Burleson procured the issuance of a policy of insurance insuring him against loss or damage by fire on a dwelling house located on one of the lots situate in the town of Barnardsville, described in the complaint, at the date of the death of Miria E. Burleson; the said dwelling house was destroyed by fire during the month of September, 1934; and the amount due under said policy of insurance, to wit: $2,808.13, was paid by the insurer to James W. Burleson.
"5. Thereafter James W. Burleson purchased a house and lot known as No. 40, All Souls crescent, in Biltmore, Buncombe County, and also a lot in the town of Barnardsville, Buncombe county; the said James W. Burleson caused both of said lots to be conveyed to him in fee; he paid for the said house and lot in Biltmore the sum of $1,500, and for the lot in Barnardsville, the sum of $650.00. Both said sums were paid by James W. Burleson out of the money paid to him under the policy of insurance insuring the dwelling house located on the lot in the town of Barnardsville, against loss or damage by fire.
"On the foregoing facts, the court was of opinion and accordingly held:
"(1) That the plaintiff is the owner and is entitled to the possession of the two lots of land situate in the town of Barnardsville, and of the tract or parcel of land situate on the north fork of Ivey Creek in Buncombe County, North Carolina, and,
"(2) That the lot in Biltmore, and the lot in Barnardsville, both of which were purchased by James W. Burleson and paid for by him out of the money paid to him under the policy of insurance on the dwelling house located on the lot in Barnardsville which was owned by Miria E. Burleson at her death, were owned by James W. Burleson in fee at his death, and descended to his heirs at law, or passed under his last will and testament to the devisees named therein."
From judgment in accordance with the opinion of the court, the plaintiff appealed to the Supreme Court, assigning as error so much of the judgment as is adverse to her contentions.
On the facts found by the court, at the death of his wife, Miria E. Burleson, James W. Burleson was entitled to an estate by the curtesy for his life in the two lots of land which are situate in the town *Page 233 
of Barnardsville and in the tract or parcel of land which is situate on the north fork of Ivey Creek, in Buncombe County, North Carolina. C. S., 2519.
As such tenant for life, James W. Burleson had an insurable interest in the dwelling house which was located on one of the lots situate in the town of Barnardsville and which was owned by Miria E. Burleson in fee at her death. 26 C. J., p. 34, sec. 17.
Nothing else appearing (Houck v. Ins. Co., 198 N.C. 305,15 S.E. 628; 21 C. J., p. 954, sec. 92 [9]), the policy of insurance which James W. Burleson procured to be issued to him on the dwelling house, insured only his interest in said dwelling house. It did not insure the plaintiff, as remainderman. When the dwelling house was destroyed by fire, the amount due under the policy was paid to James W. Burleson, to cover his loss. the plaintiff had no interest in said amount, and therefore, in no event, in the lots purchased by James W. Burleson and paid for by him out of said amount. See Batts v.Sullivan, 182 N.C. 129, 108 S.E. 511.
There is no error in the judgment. It is
Affirmed.