In the Matter of the Will of M. L. WILSON.

(Filed 11 October, 1944.)

Estates § 9e: Insurance § 24d—

> A life tenant of realty has an insurable interest therein, and nothing else appearing, such tenant for life is entitled to the full amount collected upon a policy of insurance thereon taken out by him, and the remainder-men have no interest in such insurance.

APPEAL by claimants from Rousseau, J., at April Term, 1944, of MITCHELL.

This proceeding began as a caveat to the will of M. L. Wilson, and pending the hearing, by agreement of parties, it was extended to embrace the present controversy. The facts are not in dispute.

M. L. Wilson was in possession of certain lands of his deceased wife as tenant by curtesy, having therein a life estate; while the heirs at law of the deceased wife, including the present claimants, were remainder-

men. During his life tenancy, Wilson insured the dwelling on the premises for $2,000 and the household contents for $500, loss payable to him. The house and contents were destroyed by fire, and the loss damage was collected by Wilson and deposited in the bank in his own name.

Wilson died, leaving a will in which he gave all his personal property, in general terms, to his son, Lane A. Wilson, without specific reference to the insurance money. He assigned several reasons for preferring his son; amongst others, that he expected Lane to take care of him during the remainder of his life, and that his deceased wife had intended to give him the home in Bakersville, but died before carrying out this intention.

There was found in the bank the major part of the insurance money, to wit, $2,000, which went into the hands of the executor. Of this amount, Mrs. Ethel Blevins and Winifred and Barbara Garvin claim two-thirds—that is, $1,333.30; Mrs. Blevins as daughter and heir at law of Mrs. Wilson, and the others as the heirs at law of Viola Garvin, a daughter of Mrs. Wilson. The other third, it is conceded, belongs to Lane A. Wilson, but as heir at law, not as legatee.

Under the agreement, claim for the said amount was filed with the executor of Wilson's will; and under stipulations of pertinent facts, the court proceeded to the hearing. From the ensuing adverse judgment, finding that the insurance money went under the will and that they had no interest therein, claimants appealed.

*John C. McBee and Watson & Fouts for petitioners, appellants.*
*Charles Hutchins and C. P. Randolph for appellee.*

SEAWELL, J. The contentions of the appealing claimants, called caveators in the record, may be stated succinctly as follows:

The insurance, under the circumstances outlined, must be presumed to have been made in the interest of all those having an interest in the property—both the tenant for life, who took out the insurance, and the remaindermen. Therefore, the loss paid must stand for the realty and go to the claimants, as heirs at law, in proportion to their interests; and the life tenancy having fallen in without any use having been made of the insurance, they are now entitled to their respective shares. They contend that this view is strengthened by the fact that their estate is one of greater dignity than that of the life tenant, and perhaps of greater money value, and that the amount of insurance taken out was apparently sufficient to cover the actual value of the property, both to the life tenant and to the remaindermen. It is further pointed out that the

testator made no specific reference to the insurance money in his will, and that it is found in the bank intact. Moreover, it is argued that the policy itself designates the property as "occupied by owner as family dwelling" and that, since there is nothing to distinguish him as life tenant, it must have been the intent of the parties to the contract of insurance to insure the whole property for the interest of both the life tenant and the remaindermen.

In support of this position, counsel cites *In re Haxall v. Shippen,* Leigh's Reports (Va.), Vol. X, 536—a case in many respects factually similar to the case at bar, and which might be at least persuasive, if the question were open here; but we fear that it is not.

*Houck v. Ins. Co.,* 198 N. C., 303, 151 S. E., 628, cited in appellants' brief, is, we think, eliminated as an authority in this case by the statement of fact on p. 304:

". . . the said N. F. Houck informed the agent of the defendant company of the true conditions of the title to said land and house, and requested said agent to issue a policy which would protect all persons *who were interested in said house, in the event the same should be damaged or destroyed by fire.*"

It is to be noted that the controversy in that case arose over a restriction in the policy to the effect that the policy should be void "if the insured was not the owner in fee simple of said land, or was not the sole and unconditional owner of said house" (loc. cit. *id.,* p. 304); and the issue turned on whether the insurance company had knowledge of the facts; also, on the insurability of plaintiff's interest; and there was no controversy over the issue presented here.

We think the legal question raised in the present case was definitely settled in *Stockton v. Maney,* 212 N. C., 231, 193 S. E., 137, in which the factual situation seems practically identical with that now presented in the case at bar. In that case, *Mr. Justice Connor* (who also wrote the opinion in *Houck v. Ins. Co., supra*), speaking for the Court, said:

"As such tenant for life, James W. Burleson had an insurable interest in the dwelling house which was located on one of the lots situate in the town of Barnardsville and which was owned by Miria E. Burleson in fee at her death. 26 C. J., p. 34, sec. 17.

"Nothing else appearing (*Houck v. Ins. Co.,* 198 N. C., 305, 15 S. E., 628; 21 C. J., p. 954, sec. 92 [9]), the policy of insurance which James W. Burleson procured to be issued to him on the dwelling house, insured only his interest in said dwelling house. It did not insure the plaintiff, as remainderman. When the dwelling house was destroyed by fire, the amount due under the policy was paid to James W. Burleson, to cover his loss. The plaintiff had no interest in said amount, and therefore, in

no event, in the lots purchased by James W. Burleson and paid for by him out of said amount. See *Batts v. Sullivan,* 182 N. C., 129, 108 S. E., 511."

The cautious statement found in this quotation—"nothing else appearing"—no doubt had reference to fundamental differences in fact or law, such as appear in the *Houck case, supra,* and cannot be expanded to cover minor distinctions which do not affect the principle.

Notwithstanding the able manner in which the arguments were presented, we are unable to avoid the conclusion that the case at bar is controlled by *Stockton v. Maney, supra,* and, therefore, the judgment of the court below must be

Affirmed.