CHARLES R. KING v.
NATIONAL UNION FIRE INSURANCE COMPANY.

(Filed 11 January 1963.)

**1. Insurance § 68—**

A person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction. termination, or injury by the happening of the event insured against.

**2. Same— Evidence held sufficient to support finding that plaintiff had insurable interest in property destroyed by fire.**

Evidence to the effect that the owner of property advised insurer's agent that he was giving the property in question to his son and to change the insurance so as to name his son the insured, that the owner thereafter died and the son remained in exclusive possession of the property and continued the insurance in force, *is held* sufficient to support the conclusion that the son had an insurable interest in the property so as to be entitled to recover on the policy, even though the owner died leaving a number of children without transferring title to the property, and insurer's contention that the son wilfully misrepresented to it that he was the sole owner or concealed that he owned merely an undivided interest in the property, is untenable, fraud not being pleaded and there being no evidence that insurer was misled, but to the contrary that it assumed the risk it intended when it issued the policy.

**3. Appeal and Error § 41—**

The exception to the admission of evidence over objection is waived when thereafter the witness testifies to the same import without objection.

**4. Insurance § 80—**

The knowledge of insurer's agent at the time of the application for a policy as to ownership of the property is imputed to the insurer.

**5. Evidence § 11—**

In an action on a policy of insurance by the son of the deceased owner, testimony of insurer's agent that prior to his death the owner directed him to transfer the policy to the owner's son because the owner was giving the land to his son, *is held* not precluded by G.S. 8-51.

**6. Appeal and Error § 49—**

A judgment by the court on findings of fact will not be disturbed because a particular finding was not supported by evidence when such finding is immaterial to the ultimate rights of the parties, or because of a conclusion of the court which does not affect the result.

APPEAL by defendant from *McKinnon, J.,* Regular February Civil Term 1962 of BRUNSWICK.

Suit on a standard fire insurance policy.

King *v.* Insurance Co.

Pursuant to the provisions of G.S. 1-184 *et. seq.* the parties waived a trial by jury. This is a summary of the court's essential findings of fact:

Elroy King, father of plaintiff, owned in fee and was in possession of a tract of land on which was situate a one-story frame dwelling house. During the year 1952 Elroy King vacated the property, and plaintiff went into possession of it, and remained in continuous possession of it until 30 December 1960. While plaintiff was in possession, he made extensive repairs and improvements to the dwelling house thereon, and used the property adversely to all others.

On 18 September 1956 Elroy King informed W. F. Floyd, general agent for defendant, he was giving the property to his son, the plaintiff, and instructed him to place an endorsement on the fire insurance policy, which he, Elroy King, had on the dwelling house, changing the ownership from him to plaintiff. Pursuant to such instructions, W. F. Floyd placed an endorsement on the policy changing the name of the owner from Elroy King to plaintiff.

A short time thereafter Elroy King died without having conveyed the property to plaintiff. Thereafter, on 7 September 1958, defendant through its agent, W. F. Floyd, in consideration of the premium paid by plaintiff executed and delivered to plaintiff that certain policy of fire insurance Number 2218996 in and by which it insured the dwelling house and the household and kitchen furniture therein against all direct loss or damage by fire in an amount not exceeding its actual cash value, or $4,000.00 on the dwelling house and $1,500.00 on the furniture therein. (The findings of fact state the policy was introduced in evidence as plaintiff's Exhibit 1. The parties stipulated it is not necessary on this appeal to set forth the policy in the record, for the reason that it is a Standard Fire Insurance Policy for North Carolina, as set forth in G.S. 58-176.)

At the time W. F. Floyd, defendant's agent, issued the policy he knew Elroy King had told him he was giving the property to plaintiff, and knew Elroy King was dead, but he made no inquiry to learn as to whether or not Elroy Kind had conveyed the property to plaintiff, and, under such circumstances, collected from plantiff the premium due on the policy covering a period of three years, and issued to him the policy here. Thereafter, on 30 December 1960, and within the period covered by the policy, the dwelling house and its contents insured by the policy were destroyed by fire. When destroyed by fire, the dwelling house was valued at $5,000.00, and the furniture therein was valued in excess of $1,500.00. Plaintiff gave defendant notice of the loss of the insured property by fire, and duly and properly filed proof of claim within apt time. Plaintiff instituted this suit on 7 September 1961.

Plaintiff has had the exclusive use, possession, and enjoyment of the dwelling house and property under claim of right from 18 September 1956, and was the beneficial and equitable owner of it, and was the unconditional and sole owner of it, without assertion of adverse title by any other persons.

Based on the facts found the court concluded that plaintiff was "the beneficial and equitable, unconditional sole owner" of the property, and that defendant is indebted to him in the sum of $4,000.00 for the destruction of the dwelling house by fire, and in the sum of $1,500.00 for the destruction by fire of the furniture therein, with interest from 30 December 1960 until paid.

Whereupon, the court adjudged and decreed that plaintiff have and recover from defendant the sum of $5,500.00, with interest until paid.

From the judgment, defendant appeals.

*Kirby Sullivan for defendant appellant.*
*S. B. Frink for plaintiff appellee.*

PARKER, J.   Defendant in its answer made the following admissions: One. "On or about September 7, 1958, the defendant, through it duly appointed and constituted agent, Floyd Barkley Agency, Whiteville, North Carolina, made, executed and delivered to the plaintiff that certain policy of fire insurance, being Policy Number 2218996, wherein and whereby said defendant insured the plaintiff's interest in a dwelling house and household and kitchen furniture* * * from all direct loss or damage by fire* * *in an amount not exceeding actual cash value of the property at the time of loss, and not in excess of $4,000.00 on the dwelling, and $1,500.00 on the household and kitchen furniture therein, nor in any event for more than the interest of the insured therein, for a period of three years from September 7, 1958 to September 7, 1961." Two. "On December 30, 1960, a dwelling house located on land substantially as described in paragraph 6 of the complaint and the household and kitchen furniture therein, were destroyed and rendered worthless by fire.* * *The dwelling house* * *at the time of the loss and destruction thereof was valued at approximately $5,000.00, and that the household and kitchen furniture in said dwelling at the time of the loss and destruction thereof was valued at approximately $1,500.00.* * *The defendant has not paid any sum to the plaintiff."

In general, it is well-settled law that a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury

by the happening of the event insured against. *Grabbs v. Insurance Co.*, 125 N.C. 389, 34 S.E. 503; *Gerringer v. Insurance Co.*, 133 N.C. 407, 45 S.E. 773; *Batts v. Sullivan*, 182 N.C. 129, 108 S.E. 511; *Shores v. Rabon*, 251 N.C. 790, 794, 112 S.E. 2d 556, 559; *Harrison v. Fortlage*, 161 U.S. 57, 40 L. Ed. 616; 44 C.J.S., Insurance, sec. 175, p. 870.

This Court said in *Houck v. Insurance Co.*, 198 N.C. 303, 151 S.E. 628: "It has been held by this Court that a person owning only an equitable interest in property has an interest therein which is insurable against loss or damage by fire. *Gerringer v. Ins. Co.*, 133 N.C. 407, 45 S.E. 773." In the *Gerringer* case the agent of the company knew that it was an equitable interest.

We do not have before us fire insurance policy Number 2218996 issued by defendant to plaintiff, and which was in force on the day the property insured therein was destroyed by fire. The parties stipulated it is a Standard Fire Insurance Policy for North Carolina, as set forth in G.S. 58-176, and such a policy, according to G.S. 58-176, provides, "this Company* * *does insure—blank space for name of insured—* * *to the extent of the actual cash value of the property at the time of loss* * *, nor in any event for more than the interest of the insured against all direct loss by fire* * *."

Plaintiff offered evidence: defendant did not. Defendant assigns as error the denial by the court of its motion for judgment of compulsory nonsuit made at the close of plaintiff's evidence.

Plaintiff testified: "My father died in 1956. Elroy King left surviving him heirs at law. He left a widow, Smithy King. He left six children. I am the oldest.* * *I have three brothers and sisters under 21 years of age."

Defendant contends its motion for judgment of nonsuit should have been allowed for the reason that plaintiff wilfully misrepresented to it that he was the sole owner of the dwelling house, or concealed from it that he owned merely a one-sixth interest therein, subject to the widow's dower. This contention is untenable. First, defendant has not pleaded fraud as a defense to the action upon the policy, 29A Am. Jur., Insurance, sec. 1831, and second, there is no evidence of fraud. The court properly overruled the defendant's motion for judgment of nonsuit.

Based on the facts found by the trial court, and the admissions in defendant's answer, it is manifest that plaintiff is entitled to recover from defendant on his policy of fire insurance the sum of $1,500.00 for the complete destruction of his household and kitchen furniture by fire on 30 December 1960.

W. F. Floyd, a witness for plaintiff, testified: "On September 7, 1958, I issued a renewal insurance policy on the property in question.

I have a copy of that policy with me. That policy is No. 2218996 of the National Union Fire Insurance Company. I was their duly constituted and appointed agent at that time." He was then asked: "What information did you have of the ownership of this property before you insured it?" A. "I was notified sometime prior to September 17, 1956, by the owner at that time, Elroy King." Defendant objected, the objection was overruled, and defendant excepted. Then the witness continued: "I was notified by Elroy King to transfer the policy over to his son Charles King; he said, 'I am giving that place to him' ". Defendant assigns the admission of this evidence over its objection as error, contending it is hearsay and irrelevant.

Immediately thereafter, W. F. Floyd testified without objection: "I transferred the policy at that time, from Elroy King to the plaintiff. I did not make any further inquiry to ascertain whether or not that had been done when I issued the policy on September 7, 1958. In other words, I issued this policy on September 7, 1958, according to information from Elroy King that he was giving him the property. I made no investigation or anything to determine whether or not this had been done. I knew that Mr. King was living there and I knew that he paid the premiums to me after 1956. After I issued the policy, Mr. King paid the premiums."

Plaintiff testified: "I purchased this insurance from Mr. Bill Floyd and have paid the premium."

The challenged testimony of W. F. Floyd explains why the name of the insured in the fire insurance policy then in force was changed in 1956 from Elroy King to plaintiff and why plaintiff was named as the sole insured in the policy upon which this suit is brought. There is no allegation in the answer that there was any fraud or collusion between the insured or Elroy King and defendant's agent, W. F. Floyd, nor is there any evidence of such in the record. Such being the case, the knowledge of W. F. Floyd of the state of plaintiff's interest in the insured dwelling house, acting within the scope of the powers entrusted to him by defendant, is imputed to the company. *Insurance Co. v. Grady,* 185 N.C. 348, 117 S.E. 289. G.S. 8-51 does not prohibit the admission of this evidence. *Peek v. Shook,* 233 N.C. 259, 63 S.E. 2d 542. It is our opinion this challenged evidence is relevant and competent, and the court properly admitted it.

In *Home Ins. Co. v. Mendenhall,* 164 Ill. 458, 45 N.E. 1078, 36 L.R.A. 374, the Court held that a son placed in possession of land, on which was situate two dwelling houses, by his father who bought it for him, and who tells him he has made a will devising it to him, has an insurable interest in the two dwelling houses, although the father bought the land at a master's sale in partition, and the master's deed has not yet

been issued to him because the time for confirmation of the report
has not elapsed.

When the fire insurance policy here was issued, and prior thereto,
and at the time the dwelling house was destroyed by fire, plaintiff
was in the use and enjoyment of this dwelling house under claim of
right. There is nothing in the record to show an assertion of title to the
dwelling house by another or others. Plaintiff derived pecuniary benefit
or advantage while it existed, and suffered pecuniary loss or damage by
its destruction by fire. It is manifest he had an insurable interest in
the dwelling house. In issuing the policy sued on, defendant has not
been misled, and it assumed the risk it intended when it issued this
policy.

In *Grabbs v. Insurance Co., supra,* the Court said:

> "In the well-considered case of *Berry v. Ins. Co.,* 132 N.Y. 49,
> the Court says: 'The rule is well settled that it is not necessary
> to support an insurance that the assured should have an interest,
> legal or equitable, in the property destroyed. It is enough if he
> is so situated with reference to it that he would be liable to loss
> if it is destroyed or injured by the peril insured against.' In this
> case the legal title to the property was in the son of the assured,
> with whom the assured had a *verbal* agreement whereby he was
> to occupy the premises during his life, and in consideration there-
> of to keep the building insured and in repair, and to pay the
> taxes. It was held that the insured could recover even if his
> verbal agreement with his son were void."

This Court said in *Roberts v. Insurance Company,* 212 N.C. 1, 192
S.E. 873:

> "It is held by courts of recognized authority, and our own de-
> cisions point in the same direction, that where one is in the ex-
> clusive use and enjoyment of the entire estate, under claim of
> right, without assertion of adverse title by another, his interest
> is properly described as sole and unconditional ownership, with-
> in the meaning of a policy of insurance containing such pro-
> vision, although his title may be defective in some particular.
> *Modlin v. Ins. Co., supra* (151 N.C. 35, 65 S.E. 605); *Jordan v.
> Ins. Co.,* 151 N.C. 341, 66 S.E. 206; *Lancaster v. Ins. Co.,* 153
> N.C. 285, 69 S.E. 214; *Western Assur. Co. v. Hughes,* 179 Okla.
> 254, 66 Pac. (2d) 1056; 14 R.C.L. 1052, *et seq.* See annotation,
> L.R.A., 1918 E, 375.

> "In *Hankins v. Williamsburg City Fire Ins. Co.,* 96 Kan. 706,
> 153 Pac. 491, L.R.A. 1918 E, 373, Ann. Cas., 1918 C, 135, it was

held (as stated in syllabus, which accurately digests opinion): 'A fire insurance policy upon a building, containing a stipulation that the policy "shall be void . . . if the interest of the insured be other than unconditional and sole ownership," is not invalidated because of an outstanding naked legal title in another where the insured has the equitable title, the entire beneficial ownership of the property, and is in undisputed possession of the same.'

"Again, in *American Basket Co. v. Farmville Ins. Co.,* 1 Fed. Cas. No. 290, p. 618, it appeared that the beneficial title was in the insured, a foreign corporation, but that the legal title was carried in the name of one of its officers because of a statute forbidding the ownership of realty by a foreign corporation: *Held,* the requirement of 'entire, unqualified, and sole' ownership for insured's 'own use and benefit' satisfied, notwithstanding naked legal title in another."

The *Roberts* case was decided at the Fall Term 1937. At that time the Standard Fire Insurance Policy for North Carolina as prescribed by C.S. 6437 required on the part of the insured "unconditional and sole ownership." The General Assembly at its 1945 Session, Chapter 378, amended the form of the Standard Fire Insurance Policy for North Carolina by extinguishing the requirement of "unconditional and sole ownership" and such a policy now requires only that the insurance shall be not "in any event for more than the interest of the insured." G.S. 58-176, as amended.

There is nothing in the record to show what was done with Elroy King's estate after his death in 1956, prior to the issuance of the policy here sued upon, or since. Based upon the crucial facts found by Judge McKinnon, as against defendant, it seems proper to say plaintiff was the sole, beneficial and equitable owner of the dwelling house when the policy was issued and when it was destroyed by fire. Such, it seems, was plaintiff's understanding when he took out the insurance and paid the premium, and he alone, so far as the record shows, has suffered loss by its destruction, and defendant has not been deceived.

*Houck v. Insurance Co., supra,* is distinguishable. Evidence offered by the plaintiffs tended to show that at the time the policy was issued to N. F. Houck and at the time it was subsequently transferred from him to M. V. Houck, the said N. F. Houck informed the agent of the defendant company of the true conditions of the title to said land and house, and requested said agent to issue a policy which would protect all persons who were interested in said house, in the event the same should be destroyed or damaged by fire.

*Ingold v. Assurance Co.*, 230 N.C. 142, 52 S.E. 2d 366, is also distinguishable. In that case the lessor and lessee were jointly insured in a fire policy.

Defendant assigns as error that the finding of fact to the effect that while plaintiff was in possession he made extensive repairs and improvements to the dwelling house is not supported by the evidence. This assignment of error is good, but it is not prejudicial, because the recovery for the destruction of the dwelling house by fire was $4,000.00, and defendant admits in its answer "the dwelling house* * *at the time of the loss and destruction thereof was valued at approximately $5,000.00."

Defendant assigns as error the judge's finding to the effect that plaintiff used the property adversely to all others, for the reason it is not supported by the evidence. This is not a finding of fact, but a conclusion. This conclusion does not seem prejudicial, for plaintiff to recover here is not required to show legal title absolutely good against the world. *Houck v. Insurance Co., supra; Roberts v. Insurance Co., supra.*

Defendant's assignments of error are overruled. Based upon the crucial findings of fact, which are supported by competent evidence, and upon the admissions in defendant's answer, Judge McKinnon properly entered judgment that plaintiff should recover from defendant on his fire insurance policy for the complete destruction of the dwelling house by fire the sum of $4,000.00.

The judgment below is
Affirmed.

MOORE, J., dissents.
RODMAN, J., concurs in result.