Trawick H. STUBBS, Jr., as Trustee in Bankruptcy of Hodges Bell Parker, Bankrupt, Appellant,

v.

John B. HARDEE and wife, Bettye B. Hardee, Appellees.

No. 71–1847.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1972.

Decided June 13, 1972.

---

1. See Note, Applying Estoppel Principles in Criminal Cases, 78 Yale L.J. 1046 (1969). nation.

481

Trawick H. Stubbs, Jr., Charlotte, N. C., for appellant.

Fred M. Carmichael, New Bern, N. C., and Thomas J. White, III, Kingston, N. C. (Sumrell & Carmichael, New Bern, N. C., and White, Allen, Hooten & Hines, Kingston, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

The bankrupt and his wife transferred a dairy farm they owned and operated allegedly for less than a fair consideration, in violation of § 67(d) (2) (a) of the Bankruptcy Act, and with an actual intent to defraud his creditors in violation of § 67(d) (2) (d) of that Act. The District Court dismissed this action, brought by the Trustee in Bankruptcy to set aside the conveyance, on the ground that the farm was held by the bankrupt and his wife as tenants by the entireties and was exempt from the claims of creditors. The exemption, however, is qualified and conditional, a circumstance which leads us to the conclusion that a bankrupt and his wife may not with impunity thus flout the claims of his creditors.

Since the action was dismissed without a factual hearing, we must accept the Trustee's allegations as true. According to them, the bankrupt, Parker and his wife conveyed the farm, said to be worth over $200,000, to the defendants, Hardee, without substantial consideration but upon an understanding that the bankrupt would continue to live on

the farm, operate it in Hardee's name, retaining the net profits for the bankrupt's benefit, and upon the further understanding that the farm would be reconveyed to the bankrupt and his wife when the claims of the bankrupt's creditors were settled or barred.

This seems plainly a voidable, fraudulent transfer.

■ Under the Bankruptcy Act, "exempt property" is determinable under state law,[1] and under the laws of North Carolina, real property held by the entireties, unless the debt be joint, generally is not subject to the claims of the creditors of either party to the marriage.[2] During coverture, neither party acting alone, may sell the land or his or her interest in it, and creditors of the husband, alone, or of the wife, may not levy upon the land or the single debtor's interest in it.[3] Creditors of the husband, however, do have substantial and enforceable current interests in rents and profits and contingent, prospective interests in the proceeds of sale.

■ It is settled that accruing rents and profits are attributed entirely to the husband and are subject to the claims of his creditors.[4] The husband may even lease the land for a term of years, and, though the lease would be terminated by the death of the husband during the lifetime of the wife, it is good against the wife during coverture.[5]

■ Moreover, since there is no tenancy by the entireties in personalty, proceeds of sale or insurance are held by the parties to the marriage as tenants in common, one half being subject to the claims of the creditors of either spouse.[6]

■ As long as the bankrupt, Parker, and his wife held the land, therefore, neither his individual creditors nor the Trustee in Bankruptcy could levy upon the land. They could levy upon all accruing profits, however. Parker and his wife could cut off the creditors' rights to accruing profits by joining in a conveyance of the land for a fair consideration, but in that event his creditors could reach one half of the proceeds of sale. Parker and his wife, by virtue of their tenancy by the entireties, had the right to limit the claims of his creditors to accruing profits or to one half of the proceeds of a fair sale, but he had neither the power nor the right simultaneously to defeat such claims with respect to both. His alleged attempt to retain equitable ownership of the land and of accruing profits, both free of the claims of his creditors, was a violation of the rights of his creditors and of § 67(d)(2) of the Bankruptcy Act.

Since the facts have not been determined, we do not consider the appropriateness of any particular relief. If the land is found to have been conveyed for less than fair consideration, the District Judge will consider whether the transferees should be held accountable to the Trustee for one half of the fair value of the land, in lieu of reconveyance, and for all interim profits. If actual fraud should be found, he will consider whether the wife's participation in it has subjected her interest in the fair proceeds of sale or in the land, if she should be found to have any, to the claims of her husband's creditors. The relief granted, however, should be fashioned with due regard for the effective vindication of

1. In re Kearns, 4 Cir., 8 F.2d 437.

2. For a general discussion of the estate by the entireties in North Carolina, *see* Turlington v. Lucas, 186 N.C. 283, 119 S.E. 366 (1923).

3. Johnson v. Leavitt, 188 N.C. 682, 125 S.E. 490 (1924); Hood v. Mercer, 150 N.C. 699, 64 S.E. 897 (1909); *see* Turlington v. Lucas, 186 N.C. 283, 119 S.E. 366 (1923).

4. Lewis v. Pate, 212 N.C. 253, 193 S.E. 20 (1937); Hodge v. Hodge, 12 N.C. App. 574, 183 S.E.2d 800 (1971).

5. Bank of Greenville v. Gornto, 161 N.C. 341, 77 S.E. 222 (1913).

6. Turlington v. Lucas, 186 N.C. 283, 119 S.E. 366 (1923); Forsyth County v. Plemmons, 2 N.C.App. 373, 163 S.E.2d 97 (1968).

the rights of the husband's creditors, as we have outlined them, and the avoidance of unjust and unconscionable enrichment of the transferees or of the bankrupt and his wife.

Reversed and remanded.