W. REID REA, ADMINISTRATOR OF THE ESTATE OF MABEL REA, DECEASED v. HARDWARE MUTUAL CASUALTY COMPANY AND GLENN E. HELMS, ORIGINAL DEFENDANTS AND STATE FARM MUTUAL INSURANCE COMPANY, ADDITIONAL DEFENDANT

No. 7226SC532

(Filed 23 August 1972)

1. Rules of Civil Procedure § 8— sufficiency of complaint to state cause of action

In a declaratory judgment action to have the rights, duties and obligations of parties under an insurance policy declared, plaintiff's complaint was sufficient to allege coverage of his intestate under the omnibus clause of the policy.

2. Insurance § 8— ownership of insured vehicle — knowledge of insurer concerning ownership — waiver of policy limitations

Where the vehicle allegedly covered by the policy in question was owned by the estranged husband of an officer of the named insured and such fact of ownership was known to the insurance representative who handled the application for this particular policy, the insurance company could not escape liability by relying on provision of the policy that only vehicles owned by the named insured were covered and on a condition in the policy that all agreements between insured and the company or any of its agents were embodied therein because an insurer who insures property, notwithstanding knowledge of facts then existing by which the language of the policy defeats the contract of insurance, will be held to have waived the policy provision so far as it relates to the then existing conditions.

3. Insurance § 5— insured corporation — insurable interest

Mabel Rea, Inc., the named insured in an automobile liability policy, had an insurable interest in the vehicle in question where said vehicle was habitually used by two people in the business of the corporation.

Rea v. Casualty Co.

**4. Insurance § 87— omnibus clause — drivers insured**

An insured corporation could, through its officer, grant or withhold permission to use its insured vehicle to the officer or to an employee of the corporation though registered ownership of the vehicle was not in the corporation, and such use would be covered under the omnibus clause of the corporation's automobile liability insurance policy.

APPEAL by Hardware Mutual Casualty Company from *Snepp, Judge,* 17 January 1972, Schedule "A" Session, Superior Court, MECKLENBURG County.

This is an action for declaratory judgment. In a one-car collision which occurred on 24 December 1968, defendant Helms suffered serious injuries and Mabel Rea was killed. Helms subsequently brought a suit against plaintiff to recover damages for his injuries alleging that Mabel Rea was driving the car at the time of the accident. W. Reid Rea, administrator of the estate of Mabel Rea, upon being served with a copy of the complaint and summons, notified Hardware Mutual Casualty Company (hereinafter referred to as Hardware) of the suit and requested that they defend the action under the coverage of a policy of insurance issued by it to Mabel Rea, Inc. Hardware declined on the ground that the policy afforded no coverage. Thereupon, the administrator filed an answer to the complaint denying the allegations of negligence and asserting a counterclaim to recover damages for the wrongful death of Mabel Rea resulting from the negligent operation of the automobile by Helms. Helms also requested Hardware to defend on the counterclaim under the coverage of the policy. Hardware declined to do so on the ground that the policy afforded no coverage to Helms. This action was instituted by plaintiff to have the rights, duties, and obligations of the parties under the policy judicially declared. Hardware had State Farm Mutual Insurance Company joined as an additional party in order to have the duties and obligations of State Farm and Helms determined under a policy issued by State Farm to Helms. At trial, upon motion, State Farm was dismissed, and it is not involved in this appeal. The automobile in which Helms and Mabel Rea were passengers was a 1965 Mercedes, registered in South Carolina to John Vergona, estranged husband of Mabel Rea. It was in the lawful possession of Mabel Rea and was described as an insured vehicle in a policy of automobile insurance issued by Hardware to Mabel Rea, Inc., a corporation of which Mabel

Rea was president and treasurer and in which she owned 98% of the stock. Its use was designated as business and pleasure in the policy. The case was tried without a jury. The court found facts and concluded that the policy issued by Hardware did provide coverage for the accident in question. From the judgment Hardware appealed.

*Ervin, Burroughs and Kornfeld, by Winfred Ervin, John C. MacNeill, Jr., and Robert M. Burroughs, for plaintiff appellee.*

*Craighill, Rendleman and Clarkson, by J. B. Craighill, for defendant Hardware Mutual Casualty Company, appellant.*

MORRIS, Judge.

Appellant, by its 44 exceptions and 37 assignments of error, excepts to each finding of fact and conclusion made by the court and to the entry of judgment.

[1] By its first two assignments of error, appellant contends that the evidence does not support coverage under the policy for Mabel Rea or Helms under any theory alleged in the complaint nor do the allegations of the complaint support the theory upon which the court apparently decided this case. Appellant's theory is that the complaint in its paragraph 5 uses the language of the "Employers' Non-Ownership Liability" endorsement attached to the policy and plaintiff is, therefore, limited to that basis for coverage. This endorsement provides coverages to named persons when operating a non-owned automobile (defined in the endorsement as a "land motor vehicle, trailer or semi-trailer not owned by, registered in the name of, hired by or loaned to the named insured") when used in the business of the named insured. All parties concede that the automobile at the time of the accident was not being used in the business of the named insured. Appellant says, and we agree, that if any coverage is afforded it is under the omnibus clause; that the court concluded that coverage is afforded under that clause; but the allegations of the complaint do not support this theory. We do not agree. The complaint alleged, after the jurisdictional allegations, that Mabel Rea was an employee, stockholder, director, and president of Mabel Rea, Inc.; that on or about 15 January 1968, Hardware issued its policy No. 32-10540-05, for a valuable consideration, to Mabel Rea, Inc., insuring among other things "damage by collision to the 1965 Mercedes automo-

bile described hereinafter, bodily injuries and property damage caused by the negligent operation of said Mercedes automobile, and insured Mabel Rea, the plaintiff's intestate, as employee of Mabel Rea, Inc., for bodily injury and property damage liability arising out of the use or operation of any automobile not owned by, registered in the name of, hired by, or loaned to Mabel Rea, Inc."; that at all time during the policy period Mabel Rea was in lawful possession of the 1965 Mercedes; that the automobile was registered in the name of John R. Vergona; that the policy and all its attachments are made a part of the complaint as Exhibit A; that the policy was in full force and effect and all premiums paid; that on 24 December 1968 the automobile was involved in a collision; that it was then occupied by Mabel Rea and Glenn Helms; that Mabel Rea was killed and Helms allegedly received serious injuries; that Helms had brought suit against Mabel Rea's administrator; that Hardware, although requested to do so, had failed and refused to defend the action; that though demand had been made, Hardware has refused to pay any amount for collision loss to the 1965 Mercedes. The prayer asked "that the court judicially declare that the defendant, Hardware Mutual Casualty Company, under its policy of automobile insurance number 32-10540-05, has a contractual obligation to the plaintiff to defend the plaintiff in the civil action instituted by the defendant, Glenn E. Helms, and to satisfy any judgment rendered therein up to the limits of its policy and to pay for the collision loss to the 1965 Mercedes automobile, serial number 1279B412003-365; and that defendant, Hardware Mutual Casualty Company, has an obligation to defend Glenn E. Helms in the Cross Action filed by the plaintiff herein."

We note the provisions of G.S. 1A-1, Rule 15(b):

*"Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the

pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

However, in our opinion the aid of the rule is not necessary. The complaint is sufficient to raise the question of the rights, duties and obligations of the parties under all provisions of the policy.

All parties concede that no coverage is afforded under the non-ownership provisions, because it is uncontradicted that the automobile was, at the time of the accident, not being used in the business of the named insured.

[2]  But appellant argues that the policy affords no coverage under portions of the policy applying to owned vehicles. It first takes the position that the policy covers vehicles *owned by the named insured,* when operated by the named insured, or operated by others "provided the actual use of the automobile" is by the named insured or his or her spouse, if an individual, "or with the permission of either." The policy declares that ". . . the named insured is the sole owner of the automobile except as herein stated." In this connection, appellant relies on Condition No. 25: "By acceptance of this policy, the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that the policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

The evidence is that Mr. Glenn Krumel handled the application for this insurance. He testified that he had written insurance for Mabel Rea, Inc., and was there "at least probably every two weeks." He had seen the Mercedes at the business location prior to writing this particular policy. He "filled out an application and a binder" and mailed them to Atlanta where the policy itself was produced. He was sales representative for Hardware in Charlotte for five years and had authority, unlimited as to automobile policies, to issue binders. He was aware that the Mercedes had a South Carolina title and knew that the certificate of title was not in the name of Mabel Rea, Inc. He

"advised her to have it changed." Knowing these facts, he went ahead and processed the papers for the automobile liability policy to be issued. He also testified that he wrote limits a lot higher than $100,000, $300,000 and if the binding limit was $100,000, $300,000, the overage would be subject to the underwriter's decision. He testified that he could not say whether he advised the company of the status of the title to the car. Whether he did is immaterial since "a principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to a matter over which his authority extends, although the agent does not in fact inform his principal thereof. (Citations omitted.)" *Norburn v. Mackie,* 262 N.C. 16, 24, 136 S.E. 2d 279 (1964).

Hardware cannot rely on Condition No. 25. "If an insurer, notwithstanding knowledge of facts then existing by which the language of the policy defeats the contract of insurance, nevertheless insures property, it will be held to have waived the policy provision so far as they relate to the then existing conditions. (Citations omitted.)" *Fire Fighters Club v. Casualty Co.,* 259 N.C. 582, 585, 131 S.E. 2d 430 (1963).

The facts found, supported by competent evidence, are sufficient to support the court's conclusion: "Hardware's agent, Krumel, while acting as such within the scope of his authority, knew the status of the title to the automobile. Hardware is chargeable with Krumel's knowledge, even though he did not inform Hardware of the true state of facts."

There is no evidence whatever that there was any misrepresentation as to ownership by the named insured.

[3] Appellant urges that the court's conclusion that Mabel Rea, Inc., had an insurable interest in the Mercedes is erroneous. Among the facts found by the court were these: "After January 15, 1968, and to and including December 24, 1968, the said Mercedes automobile was used in the business of Mabel Rea, Inc., and for pleasure, by Mabel. After January 15, 1968, to and including December 24, 1968, Helms drove the said Mercedes, with the permission of Mabel, in the course of the business of Mabel Rea, Inc., and on occasion, and in the company of Mabel, for pleasure."

In its conclusions of law, the court stated: "The evidence also leads to the conclusion that Mabel Rea, Inc., had an in-

surable interest in the Mercedes. The vehicle was habitually used in the business of the corporation, and Hardware insured not only for such use, but also for 'pleasure.' Our Supreme Court has consistently held that any interest is insurable if the peril against which insurance is made would bring upon insured by immediate and direct effect, pecuniary loss." There was evidence from Helms and W. Reid Rea, father of Mabel, that the Mercedes was used in the business of the corporation. The corporate business was a construction project, Swan Run Village, apparently consisting of apartments and houses. Helms testified that he used the Mercedes to go to Thies Realty to pick up papers for Mabel and that it was used for driving around the project on company business, for going back and forth to work. He testified that he had access to the car at any time for business use, that Mabel was usually with him when it was used for business purposes and always with him when it was used for pleasure. Helms was the construction superintendent for the project. Reid Rea also testified that the decedent used the car in her business. The findings are clearly supported by the evidence.

"It is a fixed rule of insurance law that an insurable interest on the part of the person taking out the policy is essential to the validity and enforceability of the insurance contract, . . . (Citations omitted.)" *Guaranty Co. v. Reagan*, 256 N.C. 1, 7, 122 S.E. 2d 774 (1961). The question of the nature and extent of the interest necessary in order to qualify as an insurable interest is not so easily determined. In *King v. Insurance Co.*, 258 N.C. 432, 434-435, 128 S.E. 2d 849 (1962), Parker, J., later C.J., writing for the majority of the Court, said:

> "In general, it is well settled law that a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against. (Citations omitted.)"

"As a general rule, anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction. 5A Am. Jur., Automobile Insurance, § 11." *Guaranty Co. v. Reagan*, 256 N.C. 1, 8, 122 S.E. 2d 774 (1961).

Also determinative is whether the insured may be charged, at law or in equity, with the liability against which the insurance is obtained. Couch on Insurance 2d, § 24:159, p. 274.

Glenn Helms, employed by Mabel Rea, Inc., as general superintendent used the Mercedes in the business of the insured as its employee. Mabel Rea, an officer, director and owner of 98% of the stock of the insured, used the Mercedes in the business of the insured. Applying the general principles of law to the facts, we are of the opinion that Mabel Rea, Inc., had an insurable interest in the automobile and the court's conclusion was not erroneous.

[4] We turn now to the primary question involved. Was there coverage under the omnibus clause of the policy? The trial court concluded that there was and that Hardware is obligated to defend the plaintiff, administrator, against the claims asserted against him by defendant Helms in the action pending in Mecklenburg County and is also legally obligated to defend defendant Helms against the claim asserted against him by way of counterclaim the same action. We agree.

The omnibus clause is contained in Section a, Item III, "Definition of Insured": "With respect to the insurance—for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

In *Underwood v. Liability Co.*, 258 N.C. 211, 218, 128 S.E. 2d 577 (1962), the Court quoted with approval the statement of the Virginia Court in *Nationwide Mutual Insurance Co. v. Cole,* 124 S.E. 2d 203 (Va. 1962):

". . . It is well settled that 'permission' to drive a car, within the meaning of the omnibus coverage clause, connotes the power to grant or withhold it. Therefore, in order for one's use and operation of an automobile to be within the meaning of the omnibus coverage clause requiring the permission of *the named insured,* the latter *must, as a general rule, own the insured vehicle or have such an interest*

*in it that he is entitled to the possession and control of the vehicle and in a position to give permission. . . ."* (Emphasis supplied.)

The statement of the rule in the alternative leaves no room for doubt that registered ownership is not an absolute essential in granting or withholding permissive use. The facts of this case in this respect are uncontroverted. Mabel Rea, Inc., is the named insured. The Mercedes was used in its business by both Mabel Rea and Helms. Helms was authorized to use the car whenever he saw fit. When used by him alone, the use was for business of Mabel Rea, Inc. When used by Mabel Rea, it was business of Mabel Rea, Inc., or for her pleasure. When used by Helms with Mabel Rea, the same was true. Helms was employed as general superintendent of Mabel Rea, Inc. Mabel Rea owned 98% of the stock of Mabel Rea, Inc. Her father owned one share and her mother owned one share. She was president and treasurer of the corporation. Both her father and Helms testified that it was she who ran the business and gave the orders. Under the facts of this case, it would be anomalous to say that Mabel Rea, Inc., through Mabel Rea could not grant or withhold permission to use the car to Mabel Rea or to Helms. "Ordinarily, permission to use the car, granted by an officer of the named insured corporation, is 'permission of the named insured' within the meaning of and effect of the omnibus clause." 7 Am. Jur., 2d, Automobile Insurance, § 115, p. 431.

After the evidence was presented but before the court had made its findings of fact and conclusions of law and before judgment, Hardware moved to reopen the case, amend its pleadings, and present further evidence. Grounds for the motion were that order had been entered in the pending personal injury action that it not be tried until completion of the declaratory judgment action and that defendant Helms in this action had insisted upon trial of that case, had entered into certain stipulations which Hardware contends were in violation of the cooperation provisions of its policy, and that this action constituted additional grounds for denial of coverage to Helms or Mabel Rea's administrator. It argues in its brief that the denial of the motion constituted an abuse of discretion. It appears that Hardware wants to blow hot and cold. It takes the position of denying liability on the ground that the policy afforded no coverage and at the same time insists on the right to control the defense. Defendant cites no authority and has shown no

abuse of discretion. See *Casualty Co. v. DeLozier*, 213 N.C. 334, 196 S.E. 318 (1938). This assignment of error is overruled.

Defendant also assigned as error the court's denial of its motions to dismiss the action as to it. This assignment of error is overruled. We have not discussed all of defendant's assignments of error seriatim, because, in our view of the case, we deem it unnecessary. Suffice it to say, in our opinion, the facts found are supported by competent evidence, and the findings of fact support the conclusions of law and judgment entered by the trial judge.

Affirmed.

Judges BROCK and HEDRICK concur.