JOSEPH ALES, JR., Plaintiff v. T. A. LOVING COMPANY, and SHIELDS, INC., Defendants, T. A. LOVING COMPANY, and SHIELDS, INC., Defendants and Third-Party Plaintiffs v. ORDERS DISTRIBUTING COMPANY, INC., and TARKETT, INC., Third-Party Defendants

No. COA03-589

(Filed 16 March 2004)

**Workers' Compensation— settlement agreement—lien extinguished**

> An order extinguishing a workers' compensation lien based on a contingent settlement agreement was vacated and remanded. An agreement with a condition precedent does not give the trial court jurisdiction under N.C.G.S. § 97-10.2(j).

Appeal by unnamed defendants from order entered 19 March 2003 by Judge Ola M. Lewis in Columbus County Superior Court. Heard in the Court of Appeals 4 February 2004.

> *The McGougan Law Firm, by Paul J. Ekster and Kevin J. Bullard, for plaintiff-appellee.*

> *Hedrick & Morton, L.L.P., by B. Danforth Morton, for defendant-appellants Columbus County Hospital, Reliance Insurance Company and Cambridge Integrated Services Group.*

MARTIN, Chief Judge.

The unnamed defendants appeal from an order of the superior court extinguishing their workers' compensation lien against the proceeds of plaintiff's third-party recovery against defendants T.A. Loving Company (Loving), Shields, Inc. (Shields), and third-party defendant Tarkett, Inc. (Tarkett). The unnamed defendants include plaintiff's former employer, Columbus County Hospital (Hospital); the employer's workers' compensation insurance carrier, Reliance Insurance Company; and the insurance carrier's bankruptcy receiver, Cambridge Integrated Services Group. Loving, a general contractor remodeling part of the Hospital, and Shields, a subcontractor repairing flooring in the Hospital, are named defendants but are not parties to this appeal. Likewise, third-party defendants Orders Distributing Company, Inc. (Orders), a tile and floor products distributor, and Tarkett, manufacturer of the flooring tile used at Hospital, are not involved as parties in this appeal.

ALES v. T.A. LOVING CO.

[163 N.C. App. 350 (2004)]

On 20 August 1999, plaintiff injured his back and knee in a fall during the course of his employment as a nurse anesthetist at Hospital. Plaintiff sued Hospital, Loving and Shields to recover for his personal injuries. Defendant Shields filed a third-party complaint against third-party defendants Orders and Tarkett.

Plaintiff also pursued a workers' compensation claim against Hospital, which was settled through a clincher agreement approved by the North Carolina Industrial Commission in July 2001. In addition to medical expenses paid on plaintiff's behalf, the clincher required a one-time payment of $120,000, which discharged the Hospital's liability to plaintiff. The Hospital's motion to dismiss plaintiff's lawsuit against it was allowed by order of the trial court on 17 July 2002, *nunc pro tunc* 3 June 2002. Defendants Loving and Shields, along with plaintiff and third-party defendants Orders and Tarkett, attempted to mediate plaintiff's claim on 16 October 2002, but reached an impasse.

On 9 January 2003, plaintiff's attorney wrote a letter to the attorneys for defendants Loving and Shields and third-party defendant Tarkett, stating in part:

Pursuant to our agreement, it is my understanding that we have settled the above matter with all Defendants for the total sum of $145,000.00 contingent upon a waiver of the workers' compensation lien.

Plaintiff filed a motion on 24 January 2003 to extinguish the workers' compensation subrogation lien in the amount of $206,669.93 claimed by defendant insurance carrier. The motion was heard on 3 March 2003 in Columbus County Superior Court. At the hearing, plaintiff offered a copy of the 9 January 2003 letter as his sole exhibit in support of his motion. The court found:

19. That in order to resolve this disputed claim, and in order to bring about a final resolution to all matters in dispute, a settlement has been agreed upon by the Plaintiff and the above-captioned third parties in the above-entitled action.

On 19 March 2003, the trial court ordered that the workers' compensation lien of $206,669.93 should be waived in its entirety.

---

The record on appeal contains six assignments of error, which are presented in two arguments by defendant Hospital in its brief. Defendant Hospital argues that the trial court did not have jurisdic-

tion to reduce the worker's compensation lien or, alternatively, that the trial court did not hold a hearing sufficient to protect Hospital's rights to due process of law. We agree with defendant's first argument and vacate the trial court's order.

The question presented here is whether N.C. Gen. Stat. § 97-10.2(j) provides the superior court with jurisdiction to adjust the amount of a worker's compensation lien when the terms of the settlement agreement are contingent upon such adjustment. The statute provides, in pertinent part:

> (j) Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that **a settlement has been agreed upon by the employee and the third party**, either party may apply to the resident superior court judge of the county in which the cause of action arose, where the injured employee resides or the presiding judge before whom the cause of action is pending, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and the employer.

N.C. Gen. Stat. § 97-10.2(j) (2003) (Emphasis added).

We note that whether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo*. *See Harper v. City of Asheville*, 160 N.C. App. 209, 213, 585 S.E.2d 240, 243 (2003). Here, the trial court concluded that it had jurisdiction because a settlement agreement existed between the plaintiff and the third-party defendants. Plaintiff, as a proponent of the settlement agreement, offered only the 9 January 2003 letter between counsel as evidence of the existence of a final written agreement. According to the letter, the parties had determined liability and a settlement amount, but the entire agreement was contingent upon the trial court's decision regarding the motion to waive the subrogation lien.

A mediated settlement agreement, such as the one here, is "governed by general principles of contract law." *Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001). Contract law defines a con-

dition precedent as "an event which must occur before a contractual right arises . . . ." *In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 375, 432 S.E.2d 855, 859 (1993). Plaintiff's agreement with the third-party defendants and named defendants was subject to a condition precedent, namely, a specific ruling by the superior court on the motion to set the subrogation amount. We interpret N.C. Gen. Stat. § 97-10.2(j) as permitting the superior court to adjust the amount of a subrogation lien if the agreement between the parties has been finalized so that only performance of the agreement is necessary to bind the parties. An agreement containing a condition precedent which must be fulfilled before either party is bound to the contract terms does not give the trial court jurisdiction under N.C. Gen. Stat. § 97-10.2(j). Thus, the trial court's reduction of Hospital's lien was erroneous because the court based its jurisdiction upon a contingent settlement agreement containing an unfulfilled condition precedent. Because we vacate the trial court's order based upon defendant's first argument, we need not address the second argument. The trial court's order waiving defendant-employer Hospital's workers' compensation lien in its entirety is vacated and this cause is remanded for such further proceedings as may be required for its resolution.

Vacated and remanded.

Judges STEELMAN and GEER concur.