SANDRA O. WILKERSON, ANCILLARY ADMINISTRATRIX OF THE ESTATE OF JOHNNIE ALAN WILKERSON AND SANDRA O. WILKERSON, INDIVIDUALLY, PLAINTIFFS V. NORFOLK SOUTHERN RAILWAY COMPANY, DEFENDANT

No. COA04-7

(Filed 21 December 2004)

**Workers' Compensation— elimination of lien—settlement not final**

The superior court's order eliminating unnamed defendant insurance carrier's workers' compensation lien is vacated, because: (1) the mediated settlement entered into by defendant employer and plaintiff that was subject to a satisfactory resolution of the lien on those funds was not final and does not constitute a settlement for the purposes of N.C.G.S. § 97-10.2(j); and (2) the superior court does not have jurisdiction to adjust the amount of the lien when the terms of the settlement agreement are contingent upon such adjustment.

WILKERSON v. NORFOLK S. RY. CO.

[167 N.C. App. 607 (2004)]

Appeal by Unnamed Party from an order entered 15 April 2003 by Judge J.B. Allen, Jr. in Durham County Superior Court. Heard in the Court of Appeals 22 September 2004.

*The Law Offices of William Frank Maready, P.L.L.C., by William F. Maready and George D. Humphrey, for plaintiff-appellee Sandra O. Wilkerson, et. al.*

*Millberg, Gordon & Stewart, P.L.L.C., by John Millberg, for defendant Norfolk Southern Railway Co.*

*Cranfill, Sumner & Hartzog, L.L.P., by Edward C. LeCarpentier, III and F. Marshall Wall, for unnamed defendant-appellant workers' compensation carrier Liberty Mutual Insurance Co.*

ELMORE, Judge.

This appeal is by the unnamed defendant insurance carrier alleging that the Durham County Superior Court did not have jurisdiction to enter an order eliminating the carrier's workers' compensation lien; erred in determining that a settlement had been reached in the underlying case; and lacked jurisdiction to order that workers' compensation payments continue until exhausted. For the reasons stated herein, we vacate the order of the trial court.

This appeal is rooted in the fatal accident of plaintiff's husband. Johnnie Alan Wilkerson, decedent, was transporting cement for his employer, Giant Cement of South Boston, Virginia (Giant), when he was struck by an Amtrak train while crossing the tracks on Plum Street in Durham, North Carolina. Since decedent was a resident of Virginia, and acting within the scope of his employment at the time of the accident, his wife, the administratrix of his estate, filed for workers' compensation benefits under the Workers' Compensation Act of the Commonwealth of Virginia. She also filed suit in Durham County Superior Court against Norfolk Southern Railway Company (Norfolk) alleging that the company was negligent in maintaining the rail crossing at Plum Street.

As the workers' compensation insurance carrier for Giant, Liberty Mutual (Liberty) began making payments consistent with Virginia's workers' compensation laws. Pursuant to Virginia statutory and case law entitling a carrier to reimbursement for payments, Liberty filed and maintained a lien against any proceeds from a recovery in plaintiff's action against Norfolk. Plaintiff tentatively accepted

**WILKERSON v. NORFOLK S. RY. CO.**

[167 N.C. App. 607 (2004)]

a mediated settlement from Norfolk for $400,000.00 subject to a satisfactory resolution of Liberty's lien on those funds. Essentially plaintiff wanted to maximize the amount of recovery from the settlement flowing directly to her and have as few dollars as possible paid to Liberty via the reimbursement lien. As such, plaintiff filed a motion in Durham County Superior Court to have the lien either reduced or eliminated. The trial court determined that it had proper jurisdiction to handle the matter and entered an order eliminating the lien. It is from this order that Liberty appeals.

Liberty argues that the "settlement" entered into by Norfolk and plaintiff is not final and does not constitute a settlement for the purposes of N.C. Gen. Stat. § 97-10.2(j). We agree, and therefore vacate the trial court's order eliminating the lien.

N.C. Gen. Stat. § 97-10.2(j) (2003) provides in part that:

Notwithstanding any other subsection in this section, . . . in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose, where the injured employee resides or the presiding judge before whom the cause of action is pending, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer.

*Id.* Liberty cites *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 593 S.E.2d 453 (2004), in support of its position. The *Ales* court construed N.C. Gen. Stat. § 97-10.2(j) such that reaching a final settlement between a third party and an employee is a jurisdictional prerequisite to the judge being able to determine whether an employer's lien should be modified or eliminated. *Id.*

In *Ales*, the third party and employee had reached a settlement agreement, "contingent upon a waiver of the workers' compensation lien." *Id.* at 351, 593 S.E.2d at 454. The employee then made a motion for elimination of the lien that was granted by the trial court. On appeal, the employer argued that the settlement was not final and deprived the trial court of jurisdiction to eliminate the lien. This

Court framed the issue as: "whether N.C. Gen. Stat. § 97-10.2(j) provides the superior court with jurisdiction to adjust the amount of a worker's compensation lien when the terms of the settlement agreement are contingent upon such adjustment." *Id.* at 352, 593 S.E.2d 454-55. The Court went on to hold that it does not, since under contract law, the adjustment would be a condition precedent to the settlement.

> We interpret N.C. Gen. Stat. § 97-10.2(j) as permitting the superior court to adjust the amount of a subrogation lien if the agreement between the parties has been finalized so that only performance of the agreement is necessary to bind the parties. An agreement containing a condition precedent which must be fulfilled before either party is bound to the contract terms does not give the trial court jurisdiction under N.C. Gen. Stat. § 97-10.2(j).

*Id.* at 353, 593 S.E.2d at 455.

Although plaintiff maintains that *Ales* and the present case are distinguishable, we cannot agree. Plaintiff and Norfolk did reach a settlement, but it too was not final. Plaintiff's motion to the superior court requesting that it extinguish the lien noted, "[a]t the mediation, Plaintiff tentatively agreed to a settlement of $400,000, expressly dependent upon an agreeable solution to the Workers' Compensation subrogation." Plaintiff also orally argued to the superior court that "[a]fter a day of mediation we were able to resolve the case tentatively, subject to a resolution of—satisfactory resolution of the workers' compensation lien." In its order, the superior court determined as a finding of fact that "[t]his settlement was made subject to resolution of the workers' compensation lien that the carrier has asserted," and the concluded that "plaintiff and the Third Party settled this case at the above-mentioned mediation for the sum of $400,000.00 . ... subject to the resolution of the claim of subrogation and lien by the carrier." All of this language suggests that had the judge not extinguished the lien, there would be no settlement for $400,000.00 between plaintiff and Norfolk, and the parties would return to the negotiating table or trial; hence, a condition precedent.

*Ales* and this case are indistinguishable, and as such, *Ales* controls our decision here. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). This

Court's holding on the basis of *Ales*, however, perhaps presents an unrecognized conflict.

On the one hand, as plaintiff argues, it is common practice for employees and third parties to come to tentative settlement agreements in which the only contingency is that of satisfactory resolution of the workers' compensation lien. Yet, it is precisely this contingency that *Ales* proscribes. Parties must be bound by the superior court's decision, so long as it is not arbitrary. *See Wood v. Weldon,* 160 N.C. App. 697, 586 S.E.2d 801 (2003) (employer's insurance carrier, employee, and third party bound by an employee—third party settlement that placed a portion of the proceeds in escrow to be paid either to carrier or employee according to a subsequent superior court's modification or elimination of the workers' compensation lien). Allowing otherwise would permit employees to compromise judicial efficiency by proceeding to discount a superior court's decision if it goes against them and renegotiating a settlement that provides the same effect that they originally sought.

On the other hand, our decision may have an unintended statutory effect. If, as the *Ales* court determined, a final settlement is a prerequisite to petitioning a judge under subsection (j), then the requirements of N.C. Gen. Stat. § 97-10.2(h) still should govern the settlement. N.C. Gen. Stat. § 97-10.2(h) (2003) reads, in pertinent part:

> [i]n any . . . settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest under (f) hereof upon any payment made by the third party by reason of such injury or death, whether paid in settlement, . . . and such lien may be enforced against any person receiving such funds. Neither the employee or his personal representative nor the employer shall make any settlement with or accept any payment from the third party without the written consent of the other and *no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein; provided, that this sentence shall not apply:*
>
> . . .
>
> (2) If either party follows the provisions of subsection (j) of this section.

*Id.* (emphasis added). Section 97-10.2(h) is the statutory authority for the lien. And, it is clear that no release or settlement is binding unless

the employee, the employer, and the third party all consent. So by its very nature, subsection (h) prevents a settlement from occurring without the consent of everyone involved. The only way to settle a claim without the consent of all the parties is to proceed under subsection (j), which with the *Ales* decision is inapplicable absent a final settlement *before* invoking the provision.

Interpreting the *Ales* decision, along with subsection (h), seems to render litigants unable to get to (j) without a final settlement and unable to settle without the consent of all parties. It is clear from subsection (j) that the legislature did not intend this cause and effect since subsection (j) makes the consent of the employer (and hence the carrier, whose rights are subrogated from the employer, *see* N.C. Gen. Stat. § 97-10.2(g)) irrelevant to a decision by the judge to modify a lien that arises from a settlement. N.C. Gen. Stat. § 97-10.2(j) (2003).

Thus, making "settlement" a jurisdictional issue and determining that a settlement must leave nothing to chance, the *Ales* decision has possibly added an unintended complication to subsection (j). Nonetheless, this panel of the Court is bound by our previous panel, and we accordingly vacate the superior court's order eliminating the workers' compensation lien. As such, we do not reach Liberty's other assignments of error.

Vacated and remanded.

Judges McGEE and McCULLOUGH concur.