CARL B. KINGSTON, Petitioner v. LYON CONSTRUCTION, INC., and PMA INSURANCE GROUP, Respondents

No. COA10-193

(Filed 2 November 2010)

## 1. Workers' Compensation— lien against settlement proceedings—subject matter jurisdiction

The trial court did not lack subject matter jurisdiction to rule on a motion for determination of a workers' compensation lien for third-party settlements where only some of the third-party claims had been settled. A final settlement agreement between an employee and a third party was necessary to invoke the jurisdiction conferred by N.C.G.S. § 97-10.2(j); here, the settlements were final and enforceable under contract principles and have been performed, binding the parties. The possibility of future settlements has no effect on the enforceability of the settlements already reached.

**2. Civil Procedure— newly discovered evidence—denial of motion to consider**

The trial court did not abuse its discretion by denying a motion to introduce newly discovered evidence under N.C.G.S. § 1A-1, Rule 60(b)(2) in a third-party tort action that had been settled and was awaiting determination of the employer's workers' compensation lien. Respondents filed the motion after the hearing but before a written order had been issued, so that they were attempting to put new evidence before the court in the rendering of the final order rather than seeking relief from an order. Even if the motion had been properly denominated, the trial court did not abuse its discretion in denying the request.

**3. Workers' Compensation— lien against third-party settlement—reduced to zero—no abuse of discretion**

The trial court did not err by reducing to zero workers' compensation liens by the employer against third-party tortfeasors where the findings evidenced the trial court's thorough consideration of the necessary statutory factors and amply supported its conclusion. The possibility of future settlements did not impair the trial court's consideration of the net recovery from the present settlements or impair its ability to balance the equities in making its determination.

Appeal by Respondents from orders entered 14 September 2009 by Judge Edwin G. Wilson, Jr. in Superior Court, Rockingham County. Heard in the Court of Appeals 31 August 2010.

*Wallace and Graham, P.A., by Michael B. Pross, for Petitioner.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Rebecca L. Zoller and M. Duane Jones, for Respondents.*

STEPHENS, Judge.

*I. Factual Background and Procedural History*

Petitioner Carl Benton Kingston was exposed to asbestos while employed by Lyon Construction, Inc. ("Lyon Construction") from 1994 until 2000. In 2006, Petitioner was diagnosed with the asbestos-related disease pleural mesothelioma. On 24 October 2006, Petitioner filed a workers' compensation claim against Lyon Construction and its workers' compensation insurance carrier, PMA Insurance Group

(collectively, "Respondents"). Respondents filed an Industrial Commission Form 61 denying the claim on 1 December 2006. The matter was heard by Deputy Commissioner George T. Glenn II on 28 January 2008. On 26 June 2008, Deputy Commissioner Glenn entered an Opinion and Award in favor of Petitioner awarding indemnity compensation in the amount of $730.00 per week and related medical benefits. The Full Commission heard Respondents' appeal on 10 December 2008. In an Opinion and Award entered 3 February 2009, the Full Commission affirmed Deputy Commissioner Glenn's decision, ordering Respondents to "pay to [Petitioner] total disability compensation at the weekly rate of $730.00 from June[] 13, 2006, and continuing until further order of the Commission[.]"

During the pendency of the proceedings in Petitioner's workers' compensation claim, Petitioner pursued tort claims against a number of manufacturers of asbestos products. Petitioner's claims against several of the manufacturers were resolved through settlement. On 5 June 2009, Petitioner filed a motion in Rockingham County Superior Court for determination of Respondents' lien on those settlement funds pursuant to N.C. Gen. Stat. § 97-10.2(j). The motion alleged that Petitioner "filed or expects to file a lawsuit against various third parties that manufactured asbestos-containing products" and that Respondents asserted a lien against any recovery Petitioner obtained. Petitioner sought reduction or elimination of Respondents' potential lien due to the severity of Petitioner's illness and the inability of the third parties, several of whom were in bankruptcy, to adequately compensate Petitioner for his injury. When the motion was heard on 20 July 2009, documents reflecting Petitioner's settlements with third parties were admitted into evidence under seal.

On 30 July 2009, Respondents filed a motion to introduce newly discovered evidence pursuant to Rule 60(b)(2) of the North Carolina Rules of Civil Procedure. Respondents alleged that a newly discovered document concerning Petitioner's action against third parties conflicted with evidence Petitioner presented at the hearing.[1]

On 14 September 2009, the trial court entered separate written orders (1) denying Respondents' motion to introduce newly discov-

---

1. While Respondents' motion sought to admit various filings in the third-party action, Respondents' argument on appeal pertains solely to a letter sent on 25 February 2009 by Petitioner's counsel in the third-party action stating that the matter had been"resolved with all defendants[,]" which Respondents argue was inconsistent with Petitioner's representation at the hearing that settlements had been reached with only some of the third parties named as defendants in the action.

ered evidence and (2) reducing Respondents' lien to zero. Respondents filed notice of appeal from the trial court's orders on 21 October 2009.[2]

## II. Discussion

### A. Jurisdiction of Superior Court

[1] Respondents first contend that the trial court lacked subject matter jurisdiction to rule on Petitioner's motion for determination of their workers' compensation lien pursuant to N.C. Gen. Stat. § 97-10.2(j). Specifically, Respondents argue that the trial court lacked jurisdiction to determine the lien because Petitioner's settlement of claims against some third parties without full resolution of the entire action is insufficient to trigger jurisdiction under section 97-10.2(j). We disagree.

N.C. Gen. Stat. § 97-10.2 allows an injured employee to pursue a cause of action against a "third party" who may be liable for the employee's injury without affecting the employee's right to compensation under the Workers' Compensation Act. N.C. Gen. Stat. § 97-10.2(a) (2009). The statute grants the employee the right to pursue any claim against a third party, including the right to settle with a third party and give a valid release of all claims related to the employee's injury. N.C. Gen. Stat. § 97-10.2(b) and (c) (2009). Section 97-10.2 further provides:

> (h) In any proceeding against or settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest [pursuant to an Industrial Commission award] upon any payment made by the third party by reason of such injury or death, whether paid in settlement . . . or otherwise and such lien may be enforced against any person receiving such funds. . . .
>
> . . . .
>
> (j) Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a *settlement has been agreed upon* by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the

---

2. According to the notice of appeal, Respondents received the trial court's orders on 25 September 2009.

subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer.

N.C. Gen. Stat. § 97-10.2 (2009) (emphasis added). This Court's determination of whether a trial court has subject matter jurisdiction is a question of law that is reviewed on appeal *de novo*. *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004).

In the absence of a judgment against a third party, a final settlement agreement between an employee and a third party is necessary to invoke the jurisdiction conferred by section 97-10.2(j). *Id.* at 353, 593 S.E.2d at 455. To be considered final, the settlement agreement must be enforceable under principles of contract law. *Id.* at 352-53, 593 S.E.2d at 455. Thus, "N.C. Gen. Stat. § 97-10.2(j) . . . permit[s] the superior court to adjust the amount of a subrogation lien if the agreement between the parties has been finalized so that only performance of the agreement is necessary to bind the parties." *Id.* at 353, 593 S.E.2d at 455.

In *Ales*, a settlement agreement between an employee and a third party that was contingent upon the elimination of any lien asserted by the employer was held insufficient to give the trial court jurisdiction because "[a]n agreement containing a condition precedent which must be fulfilled before either party is bound to the contract terms does not give the trial court jurisdiction under N.C. Gen. Stat. § 97-10.2(j)." *Id.*

It is uncontested that the settlement agreements in the present case have already been performed. Thus, the settlement agreements are not subject to any conditions precedent and have already bound the parties. Accordingly, we conclude that the settlement agreements reached between Petitioner and third parties are sufficient to give the trial court jurisdiction under section 97-10.2(j).

Respondents argue further, however, that Petitioner's settlements are "contingent" because Petitioner may recover from additional third parties in the future. We disagree. The possibility of future settlements has no effect on the enforceability of the settlement agreements Petitioner has already reached with several third parties.

Moreover, if Petitioner receives additional settlements or judgments from other third parties in the future, Respondents may assert a lien against those funds and the superior court may determine such lien. *See* N.C. Gen. Stat. § 97-10.2(h) and (j).

Citing *Hieb v. Lowery*, 344 N.C. 403, 474 S.E.2d 323 (1996), Respondents further argue that this Court should apply the plain meaning of the term "settlement" as used in N.C. Gen. Stat. § 97-10.2(j) and find that such plain meaning requires settlement between all parties in multi-party litigation. We decline to do so. In *Hieb*, our Supreme Court accorded plain meaning to the term "judgment," the other type of recovery from a third party that gives the superior court jurisdiction to determine an employer's lien under N.C. Gen. Stat. § 97-10.2(j). *Id.* at 410, 474 S.E.2d at 327. Respondents' reliance on *Hieb* is misplaced because the Court in *Hieb* considered only the meaning of the term "judgment" and not the meaning of the term at issue here, "settlement." This Court established the meaning of the term "settlement" as used in section 97-10.2(j) in *Ales*. As discussed *supra*, Petitioner's settlements with third parties meet the definition adopted in *Ales*, as they are not only final and enforceable under contract principles, but also have been performed.

Accordingly, the trial court did not lack subject matter jurisdiction to rule on Petitioner's motion for determination of workers' compensation lien pursuant to N.C. Gen. Stat. § 97-10.2(j).

### B. Motion to Introduce Newly Discovered Evidence

[2] Respondents next assert that the trial court abused its discretion in denying Respondents' motion to introduce newly discovered evidence pursuant to Rule 60(b)(2) of the North Carolina Rules of Civil Procedure. Specifically, Respondents contend that a document related to Petitioner's third-party action, which Respondents did not discover until after the 20 July 2009 hearing, qualified as newly discovered evidence under Rule 60(b)(2) and, thus, should have been admitted into evidence after completion of the hearing but prior to a final decision. We disagree.

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . [n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]

KINGSTON v. LYON CONSTR., INC.

[207 N.C. App. 703 (2010)]

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2009). Under Rule 59(b), a motion for a new trial must be served within 10 days after entry of judgment. N.C. Gen. Stat. § 1A-1, Rule 59(b) (2009).

Denial of a Rule 60(b) motion is reviewed under an abuse of discretion standard. *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). Accordingly, the trial court's decision "is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

"To proceed under Rule 60(b) . . . requires an initial determination of whether a [procedural act] constitutes a 'judgment, order[,] or proceeding.' " *Carter v. Clowers*, 102 N.C. App. 247, 252, 401 S.E.2d 662, 665 (1991). Rule 60(b) "has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments." *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975). Respondents filed their motion to introduce newly discovered evidence after the hearing on Petitioner's motion to determine Respondents' workers' compensation lien, but before any written order had been issued on Petitioner's motion.[3] Because a hearing alone, without a written order, is not a final judgment or order, Respondents' motion to introduce newly discovered evidence could not, as a matter of law, have been proper under Rule 60(b). *See id.* at 196, 217 S.E.2d at 541.

Moreover, Respondents did not seek relief from a final judgment or order, but, rather, attempted to put new evidence before the trial court for its consideration in rendering its final judgment or order. Rule 60(b) does not contemplate this kind of relief.

That Respondents incorrectly denominated their motion under Rule 60(b), however, is not determinative of the issues raised on this appeal. Up to the time of entry of the trial court's order determining the lien issues, the matter remained open, and Respondents were clearly within well-recognized rights to move the court to reopen the hearing and receive additional evidence. *See Rea v. Hardware Mut. Casualty Co.*, 15 N.C. App. 620, 190 S.E.2d 708 (1972) (trial court did not abuse its discretion in denying plaintiff's motion to reopen the case, amend its pleadings, and present further evidence after the evi-

---

3. While Respondents state that Judge Wilson issued an oral ruling during a telephone conference on 21 July 2009, the rendering of an oral ruling does not constitute the entry of a final judgment or order. *Kirby Bldg. Sys., Inc. v. McNiel*, 327 N.C. 234, 393 S.E.2d 827 (1990).

dence had been presented but before the court had made its findings of fact and conclusions of law and before judgment was entered). Whether the court chose to do so was also well within the court's broad discretion such that, had Respondents simply filed a motion to reopen the hearing and present further evidence, we nevertheless would conclude that the trial court did not abuse its discretion in denying the request.

On appeal, Respondents assert that a letter dated 25 February 2009 sent by Plaintiff's counsel in the third-party action stating that the matter had been "resolved with all defendants" was inconsistent with Petitioner's representation at the hearing that settlements had been reached with only several of the third parties named as defendants in the action. In opposition to Respondents' motion, Petitioner introduced evidence that the cases against the third parties who had not settled with Petitioner had been voluntarily dismissed. Therefore, while the matter had been "resolved with all defendants[,]" there were no settlements with third parties in addition to those that were presented to the trial court which would have been relevant to the determination of the workers' compensation lien under N.C. Gen. Stat. § 97-10.2(j). Based upon our consideration of the parties' arguments and our review of the record, we conclude that the trial court did not abuse its discretion in denying Respondents' motion to introduce newly discovered evidence.

### C. Determination of the Lien

[3] Respondents finally contend that the trial court abused its discretion in reducing Respondents' lien to zero. Specifically, Respondents assert that the trial court failed to appropriately consider "the net recovery to [Petitioner]" as required by N.C. Gen. Stat. § 97-10.2(j). We disagree.

Section 97-10.2(j) provides that in determining the amount of the lien,

[t]he judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable[.]

N.C. Gen. Stat. § 97-10.2(j). "[I]t is clear from the use of the words 'shall' and 'and' in subsection (j), that the trial court must, at a minimum, consider the factors that are expressly listed in the statute." *Estate of*

*Bullock v. C.C. Mangum Co.*, 188 N.C. App. 518, 526, 655 S.E.2d 869, 874 (2008).

Section 97-10.2(j) grants the trial court discretion to determine the amount of a workers' compensation lien and the trial court's decision is reviewed on appeal under an abuse of discretion standard. *In re Biddix*, 138 N.C. App. 500, 504, 530 S.E.2d 70, 72, *disc. review denied*, 352 N.C. 674, 545 S.E.2d 418 (2000). In exercising its discretion, "the trial court is to make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appellate review." *Id.* (alteration in original) (quotation marks and citation omitted).

In its order reducing Respondents' lien to zero, the trial court made the following findings:

> The total amount of the [disability] benefits[, as] spelled out in the computations presented to this court together with the Order of the Industrial Commission for past disability benefits and project[ed] forward based upon Dr. Granfortuna's testimony of a one[-] to two[-]year life expectancy[,] is $127,567.50, as well as medical expenses. . . .

> Therefore, in accordance with the first and second factors under N.C. Gen. Stat. § 97-10.2(j), [Petitioner] will receive approximately $127,567.50 in workers' compensation benefits.

> The next factor is the net recovery to [Petitioner]. In terms of the third party recoveries, [Petitioner's] counsel has presented to this court various settlement documents and a summary document listing [Petitioner's] recovery. [Petitioner] has received, in net recovery approximately $289,669.49, after attorney fees and costs.

> The question then becomes how much, if any, of this amount is available for the employer's lien. . . . The [c]ourt must determine whether [Petitioner] has been adequately compensated by the third party recoveries and has been "made whole[."]

> [Petitioner] filed lawsuits against various third parties that manufactured asbestos-containing products to which he was exposed. Various manufacturers have filed for bankruptcy protection. As evidenced in the settlement documents produced to this [c]ourt, the various third party claims were significantly reduced in value as a result of the bankruptcy.

There are numerous defendants in the third party litigation. This case has not gone to trial and the vast majority of the cases have settled. The money that has been received is all from settlements. Settlements are, by their very nature, compromises wherein defendants have paid less than full value to resolve the claim. . . .

. . . .

There is a need for finality in this litigation. [Petitioner] suffers from a fatal, incurable form of cancer. His workers' compensation claim has been pending for over three years and [Petitioner] is totally disabled.

As to the third party claims, the likelihood of success would appear to be favorable except for the bankruptcies. . . .

. . . If Lyon Construction, Inc. obtains a lien for subrogation rights to the proceeds from the third party settlements, Petitioner will be forced to pay back a large, if not all, portion of the already insufficient workers' compensation benefits, causing him great financial hardship.

IT IS THEREFORE ORDERED that in regard to the $289,669.49 received by Petitioner in third party settlements, the employer's lien against those settlements is reduced to zero.

These findings of fact evidence the trial court's thorough consideration of the necessary statutory factors and amply support its conclusion that Respondents' lien on Petitioner's settlements should be reduced to zero.

Nonetheless, Respondents argue that the trial court could not have accurately considered the net recovery to Petitioner because Petitioner's action against third parties was ongoing and could result in future settlements. We disagree.

The possibility of future settlements did not impair the trial court's consideration of the net recovery from the present settlements or impair its ability to balance the equities in making its determination. As discussed *supra*, were Petitioner to recover additional funds in the future, Respondents could assert a lien upon such funds pursuant to N.C. Gen. Stat. § 97-10.2(h). That lien would be determined pursuant to N.C. Gen. Stat. § 97-10.2(j), at which time the court could consider the settlements at issue in the present case in determining the net recovery to Petitioner. The potential for such future

ESTATE OF MEANS v. SCOTT ELEC. CO., INC.

[207 N.C. App. 713 (2010)]

determination did not, however, prevent the trial court here from appropriately considering the factors listed in section 97-10.2(j) in exercising its discretion to reduce Respondents' lien to zero.

Accordingly, we conclude that the trial court did not abuse its discretion in reducing Respondents' lien to zero.

For the foregoing reasons, the trial court's orders are

AFFIRMED.

Judges ROBERT C. HUNTER and ROBERT N. HUNTER, JR. concur.