An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-186

Filed 15 October 2025

Greene County, Nos. 20CRS050166-390, 20CRS050258-390, 20CRS050268-390

STATE OF NORTH CAROLINA

v.

JAMES RONNIE KEEL JR

Appeal by defendant from final judgments entered 14 August 2024 by Judge Imelda J. Pate in Greene County Superior Court. Heard in the Court of Appeals 9 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Asa C. Edwards IV, for the State.*
>
> *The Sweet Law Firm, PLLC, by Kaelyn N. Sweet, for defendant-appellant.*

ARROWOOD, Judge.

James Ronnie Keel Jr. ("defendant") appeals from judgments in Greene County Superior Court entered upon jury verdicts finding him guilty of two felonies and five misdemeanors. Defendant argues the superior court lacked subject matter jurisdiction over the misdemeanor charges because his notices of appeal from the district court were defective, and because the State moved to join those misdemeanor

charges with felony charges conferred through indictment, all judgments must be vacated. Defendant also argues, and the State concedes with respect to the misdemeanors, that the consecutive sentences imposed exceed statutory limits. For the following reasons, we affirm in part and remand to superior court for resentencing consistent with the Misdemeanor Sentencing Act.

## I. Background

On 24 April 2020, defendant was charged with one count of misdemeanor second-degree trespass and one count of misdemeanor harassing phone calls. On 9 June 2020, defendant was charged with one count of misdemeanor assault on a female, one count of misdemeanor breaking and entering, and one count of misdemeanor communicating threats. These charges were consolidated and tried in Greene County District Court on 29 April 2022, the Honorable Curtis Stackhouse presiding. Defendant acquiesced to the joinder. He was convicted of all five misdemeanors (collectively the "Misdemeanors") and gave notice of appeal in open court. The Appellate Entries signed 29 April 2022 show checked boxes reading: "The defendant, in open court, gives notice of appeal to the District Court," but the misdemeanors were transferred to Greene County Superior Court for trial *de novo*.

On 25 April 2023, defendant was indicted with one count of first-degree kidnapping, one count of second-degree forcible rape, and one count of intimidating a witness, from dates of offense in May and June 2020. These charges (collectively the "Felonies") were joined with the Misdemeanors for trial in the Greene County

Superior Court. The jury found the defendant guilty on all charges except second-degree forcible rape. At sentencing, the parties stipulated in open court that defendant had a prior record level III for both felony and misdemeanor sentencing. Judge Pate entered consecutive sentences totaling 113 to 158 months as to the two felony convictions and consecutive maximum sentences totaling 470 days for the five misdemeanor convictions, the most serious of which was for assault on a female, a class A1 misdemeanor carrying a maximum punishment for a level III offender of 150 days. Defendant gave notice for appeal in open court.

## II. Discussion

Defendant contends that the superior court lacked subject matter jurisdiction to hear the five misdemeanor charges because the Appellate Entries indicate that appeal was taken from district court to district court. Defendant next contends, and the State concedes, that the trial court reversibly erred by issuing five consecutive misdemeanor sentences totaling 470 days, in excess of the 300 days maximum total sentence authorized by statute. We consider each issue in turn.

## A. Defect in Notice of Appeal

We review challenges to subject matter jurisdiction *de novo* on appeal. *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352 (2004). When reviewing *de novo*, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33 (2008).

A defendant convicted in the district court before a judge may appeal to the

superior court for trial de novo with a jury. N.C.G.S.§ 15A-1431 (2024). A criminal defendant may take appeal by giving oral notice of appeal at trial. N.C. R. App. P. 4(a)(1). Alternately, a defendant may take appeal by filing notice with the clerk of superior court and serving copies of the notice on all adverse parties within fourteen days after entry of the judgment. N.C. R. App. P. 4(a)(2). Where a defendant chooses the second option, the notice must specify the party or parties taking the appeal, the judgment or order from which appeal is taken, and the court to which the appeal is taken. N.C. R. App. P. 4(b).

A defect in a notice of appeal "should not result in loss of the appeal as long as the intent to appeal . . . can be fairly inferred from the notice and the appellee is not misled by the mistake." *Phelps Staffing, LLC v. S.C. Phelps, Inc.,* 217 N.C. App. 403, 410 (2011). A defendant's failure to note the correct reviewing court in a notice of appeal does not warrant the appeal's dismissal where there is only one court with jurisdiction to hear the matter and the State was not misled by the defendant's flawed notice. *State v. Ragland,* 226 N.C. App. 547, 553 (2013).

Defendant gave oral notice of appeal at trial. As defendant notes, there is no district court transcript that would tell us whether the mistaken Appellate Entries were recorded in accordance with defendant's words in open court or whether the wrong boxes were checked due to a clerical error. But this distinction is without difference. No matter whether defendant misstated in court that he was taking appeal to the district court or whether this was mere clerical error, the only

- 4 -

reasonable inference is that defendant intended to appeal the convictions to the superior court for a trial *de novo*, because no other court with jurisdiction to hear this appeal exists at law and no contrary inference is plausible. N.C.G.S. § 15A-1431 (2024).

Further, the State does not contend that the mistakenly checked boxes misled or prejudiced its prosecution. To the contrary, the State avers: "the mistake was immaterial and cured when the Clerk of Court correctly transferred the Misdemeanors to superior court." Likewise, defendant makes no claim that he was prejudiced or misled by the mistake or the charges' proper transfer. Lastly, where a defendant convicted in the district court makes his notice of appeal in open court, he is not required to contemporaneously specify the precise reviewing court in order to give the appeal its effect. N.C. R. App. P. 4(a)–(b).

Accordingly, defendant's intent was plainly inferable and no party faced prejudice or was misled as a result of the incorrectly checked boxes. The superior court's jurisdiction over the trial *de novo* was therefore proper.

## B.    Plain Error

Defendant next argues that the superior court's improper jurisdiction over the misdemeanor charges exposed the jury to evidence of all charges relating to conduct of various dates of offense, thus having an "improper influence" over the verdicts on the felony charges and making it "impossible to bifurcate [the] verdicts by simply arresting judgment on the misdemeanor charges." Therefore, defendant prays that

all misdemeanor and felony judgments be vacated, because "when the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176 (1981).

In criminal cases, unpreserved error is reviewed only for plain error, normally limited to instructional and evidentiary error. *State v. Lawrence*, 365 N.C. 506, 512–516 (2012). To show plain error, a defendant must demonstrate that a fundamental error occurred at trial, without which the jury probably would have reached a different result. *Id.* at 518.

In the instant case, defendant made no objection at trial on the above grounds. No party has claimed that the superior court exercised improper jurisdiction over the Felonies, and defendant has failed to show that the superior court improperly exercised jurisdiction over the joined Misdemeanors. Likewise, defendant has made no showing pertaining to the jury instructions and his only argument as to evidentiary error is that evidence admitted to prove the Misdemeanors provided context for evidence about the Felonies. But absent any showing that either the jurisdiction or joinder was improper here, it was wholly proper for the jury to consider evidence pertaining to all indictments, and the jury received proper instructions before it withdrew to deliberate. Because defendant has not made the requisite showing of plain error, this Court will not disturb the superior court's judgments on this basis.

C.    Sentencing Error

Defendant argues that the Misdemeanor Sentencing Act set limits on the consecutive sentences he received with respect to his Misdemeanor convictions.

An alleged sentencing error may be the proper subject of appellate review even though no objection, exception or motion was made at trial. N.C.G.S. § 15A-1446. Although defendant did not object to this sentencing error at trial, his argument is preserved. *See State v. Patterson*, 269 N.C. App. 640, 645 (2020) ("Sentencing errors are preserved for appellate review even if the defendant fails to object at the sentencing hearing.").

The relevant statute provides:

> "If the court elects to impose consecutive sentences for two or more misdemeanors and the most serious misdemeanor is classified in Class A1, Class 1, or Class 2, the cumulative length of the sentences of imprisonment shall not exceed twice the maximum sentence authorized for the class and prior conviction level of the most serious."

N.C.G.S. § 15A-1340.22.

In the instant case, as to the five Misdemeanors, the superior court imposed five consecutive maximum sentences totaling 470 days. The most serious misdemeanor for which he was convicted was assault on a female, which carries a maximum punishment of 150 days for a level III offender. Therefore, pursuant to the Misdemeanor Sentencing Act, this defendant's total cumulative sentence for his misdemeanor convictions could not exceed 300 days.

The State concedes this sentencing error with respect to the 170 days in excess of the statutorily mandated term for the misdemeanor convictions. We agree and accordingly remand the Misdemeanors to superior court for resentencing consistent with the above statute. We do not disturb the sentences as to defendant's felony convictions.

## III.   Conclusion

For the above reasons, we affirm the trial court's judgment in part and remand for resentencing in accordance with this decision.

AFFIRMED IN PART; REMANDED IN PART.

Judges STROUD and STADING concur.

Report per Rule 30(e).